Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT C. WARDEN, ) No: 2:09-cv-01686-MJP
    Plaintiff, )
) FIRST AMENDED COMPLAINT
    vs. )
)
GREGORY J. NICKELS and )
CITY OF SEATTLE, )
    Defendants. )
_____)

## COMPLAINT

COMES NOW the Plaintiff, Robert C. Warden, and complains of Defendants as follows:

## THE PARTIES

1. Plaintiff Robert C. Warden (Warden) is an individual residing in King County, Washington.

2. Defendant Gregory J. Nickels (Nickels) is the mayor of the City of Seattle (Seattle). Nickels is the head of the Executive Department, and in that capacity directs and controls all Seattle offices and departments except where that authority

First Amended Complaint, Page 1 of 11       Robert C. Warden
10224 SE 225th PL
Kent, WA 98031-2183
(206) 601-9541

1  is granted to another office by the Seattle City Charter.

2  Nickels is presently enforcing the challenged laws, customs,

3  practices and/or policies complained of in this action.  Nickels

4  is sued in both his individual and official capacities.  Nickels

5  resides in Seattle, King County, Washington.

6       3.   Defendant City of Seattle (Seattle) is a municipal

7  corporation and first-class city organized under the laws of the

8  State of Washington.

9                      JURISDICTION AND VENUE

10      4.   The Court has subject matter jurisdiction over this

11 action pursuant to 28 U.S.C. § 1331, 1343, 1367, 2201, 2202, and

12 42 U.S.C. § 1983.

13      5.   Venue lies in this Court pursuant to 28 U.S.C. §

14 1391.

15                      STATEMENT OF FACTS

16      6.   The right of law-abiding individuals in the State of

17 Washington to bear arms is guaranteed by the Second Amendment to

18 the United States Constitution, and by Article I, Section 24 of

19 the Washington State Constitution.

20      7.   Both federal and state constitutions guarantee the

21 right of law-abiding individuals to publicly carry operational

22 handguns for self-defense.

1         8.   States retain the ability to regulate the manner of
2    carrying handguns, prohibit the carrying of handguns in
3    specific, narrowly-defined sensitive places, prohibit the
4    carrying of arms that are not within the scope of constitutional
5    protection, and disqualify specific, particularly dangerous
6    individuals from carrying handguns.
7         9.   States may not completely ban the carrying of
8    handguns for self-defense, deny individuals the right to carry
9    handguns in non-sensitive places, deprive individuals of the
10   right to carry handguns in an arbitrary or capricious manner, or
11   impose regulations on the right to carry handguns that are
12   inconsistent with either the federal or state constitution.
13        10.  RCW 9.41.290 provides that the State of Washington
14   "fully occupies and preempts the entire field of firearms
15   regulation within the boundaries of the state."  RCW 9.41.070
16   grants adults meeting certain criteria the right to obtain a
17   Concealed Pistol License (CPL).  RCW 9.41.300 enumerates the
18   specific limited exceptions to CPL-holders' general right to
19   carry concealed pistols in locations open to the public.
20   Municipal parks and community centers are not among those
21   enumerated exceptions.
22        11.  On June 6, 2008, defendant Nickels issued Executive

Order 07-08 entitled "Gun Safety at City Facilities."  The order directed all City departments to conduct an inventory of present policies, rules, and leases to determine the extent to which departments could prohibit firearms on City property and to implement plans to make such changes.  A true copy of Executive Order 07-08 is attached as Exhibit A, and incorporated into this complaint.

12.   In October 2008, Washington Attorney General Rob McKenna issued a formal written Opinion that cities in Washington do not have authority to regulate possession of firearms on or in city property generally open to the public.  A true copy of AGO 2008 No. 8 is attached as Exhibit B, and incorporated into this complaint.

13.   On October 14, 2009, acting at the behest of Nickels, the superintendent of Seattle's Parks and Recreation Department issued Rule/Policy Number P 060-8.14.  A true copy is attached as Exhibit C, and incorporated into this complaint.

14.   Rule/Policy Number P 060-8.14 immediately resulted in substantial and comprehensive infringement of both federal and state constitutional rights.  Pursuant to this rule/policy, signs purporting to prohibit firearms were promptly posted in Parks locations throughout the city.  According to the

1  rule/policy, violators of the firearm prohibition who refused a
2  Parks official's direction to leave the premises would be
3  arrested on grounds of criminal trespassing.  At all times
4  relevant to this action, such signage was prominently posted at
5  the entrance to Seattle's Southwest Community Center (SCC).
6       15.  Defendants performed the above acts after reviewing
7  Attorney General McKenna's Opinion (Exhibit B), and thus with
8  full and clear knowledge that the authority to regulate firearms
9  rests exclusively with the State of Washington.  Further,
10 defendants substantially and comprehensively infringed Second
11 Amendment rights after the United States Supreme Court held that
12 the Second Amendment guaranteed an individual right to bear arms
13 (<u>DC v. Heller</u>, Docket No. 07-290, Decided June 26, 2008), and
14 after the Ninth Circuit Court of Appeals held that the Second
15 Amendment applied to the states (<u>Nordyke v. King</u>, Docket No. 07-
16 15763, Decided April 20, 2009 (Vacated September 24, 2009
17 pending U.S. Supreme Court ruling in McDonald v. Chicago, No.
18 08-1521 due June 2010)).
19      16.  At all times relevant to this action, plaintiff
20 Warden possessed a current and valid CPL issued pursuant to RCW
21 9.41.070.  At all times relevant to this action, Warden was the
22 lawful owner and possessor of a Glock 27 pistol, which is a

1  firearm.

2       17.  Warden is formally trained in the safe handling of
3  handguns, and is a certified pistol instructor and range safety
4  officer.

5       18.  During regular public hours on Saturday, November
6  14, 2009, Warden entered the SCC through the main public
7  entrance.  As clearly communicated to defendants the day prior,
8  securely holstered and completely concealed under his closed
9  jacket was Warden's Glock 27 pistol.

10      19.  Once inside the facility, Warden was immediately
11 met by Seattle Parks Department security official Lisa Harrison.
12 Harrison asked Warden if he was the person who had notified
13 authorities the day before of his intent to carry his pistol
14 into SCC.  Warden answered in the affirmative.  Harrison then
15 asked Warden if he in fact was carrying his pistol at that
16 moment.  When Warden again answered in the affirmative, Harrison
17 stated that firearms were not allowed in SCC, and instructed
18 Warden to immediately leave the premises.  Warden complied.

19      20.  At the time Warden was expelled from SCC, the
20 facility was bustling with weekend activity.  A large number of
21 individuals of all ages were enjoying unrestricted access to the

1 various events and services provided to the general public by
2 defendants at the SCC.

3     21.  Warden was singled out, and was alone in not being
4 allowed to enjoy the various events and services provided to the
5 general public only because Warden was exercising his
6 constitutional and legal right to carry a pistol.

<u>FIRST CLAIM FOR RELIEF</u>
<u>U.S. CONST., AMEND. II, 42 U.S.C § 1983</u>
<u>AGAINST ALL DEFENDANTS</u>

10     22.  Paragraphs 1 through 21 are incorporated as though
11 fully stated herein.

12     23.  By maintaining and enforcing Rule/Policy Number P
13 060-8.14, Defendants are propagating laws, customs, policies,
14 and/or practices that violate the Second and Fourteenth
15 Amendments to the United States Constitution, damaging Plaintiff
16 in violation of 42 U.S.C. § 1983.  Plaintiff is therefore
17 entitled to permanent injunctive relief against such laws,
18 customs, policies, and/or practices.  Plaintiff further seeks
19 declaratory judgment that such laws, customs, policies, and/or
20 practices violate the Second and Fourteenth Amendments to the
21 United States Constitution, and are therefore null and void.

<u>SECOND CLAIM FOR RELIEF</u>
<u>U.S. CONST., AMEND. XIV — EQUAL PROTECTION, 42 U.S.C § 1983</u>
<u>AGAINST ALL DEFENDANTS</u>

24. Paragraphs 1 through 23 are incorporated as though fully stated herein.

25. By maintaining and enforcing Rule/Policy Number P 060-8.14, Defendants are propagating laws, customs, policies, and/or practices arbitrarily infringing Plaintiff's rights on the incoherent theory that the mere presence of concealed firearms is inherently unsafe in places, but only in places, where "children and youth are likely to be present." In doing so, Defendants have violated and are continuing to violate Plaintiff's right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution, damaging Plaintiff in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to permanent injunctive relief against such laws, customs, policies, and/or practices. Plaintiff further seeks declaratory judgment that such laws, customs, policies, and/or practices violate the equal protection clause of the Fourteenth Amendment to the United States Constitution, and are therefore null and void.

1           THIRD CLAIM FOR RELIEF
2     WA STATE CONST. ARTICLE I, SECTION 24
3              AGAINST ALL DEFENDANTS

4       26.   Paragraphs 1 through 25 are incorporated as though
5 fully stated herein.

6       27.   By maintaining and enforcing Rule/Policy Number P
7 060-8.14, Defendants are propagating laws, customs, policies,
8 and/or practices that violate Article I, Section 24 of the
9 Washington State Constitution, damaging Plaintiff.  Plaintiff is
10 therefore entitled to permanent injunctive relief against such
11 laws, customs, policies, and/or practices.  Plaintiff further
12 seeks declaratory judgment that such laws, customs, policies,
13 and/or practices violate Article I, Section 24 of the Washington
14 State Constitution, and are therefore null and void.

15                        PRAYER FOR RELIEF

16       WHEREFORE, Plaintiff requests that judgment be entered
17 in his favor and against Defendants as follows:

18       30.   An order permanently enjoining Defendants, their
19 officers, agents, servants, employees, and all persons in active
20 concert or participation with them who receive actual notice of
21 the injunction, from enforcing Rule/Policy Number P 060-8.14;
22 and, further, from enforcing any other law, ordinance, custom,

1  policy, rule or practice that in any way regulates any aspect of
2  firearms unless specifically authorized by law.
3       31.   A declaration that Rule/Policy Number P 060-8.14
4  violates the U.S. And Washington constitutions, and is thus null
5  and void.
6       32.   Nominal damages in the amount of one dollar.
7       33.   Costs of suit, including attorney fees and costs
8  pursuant to 42. U.S.C. § 1988, and/or Washington law.
9       34.   Punitive damages against Defendant Nickels in his
10 individual capacity in an amount determined by the Court to be
11 sufficient to effectively deter future Washington municipal
12 officials from behaving with reckless or callous disregard for
13 federally protected rights.
14      35.   Any other further relief as the Court deems just
15 and appropriate.

16 Dated: December 9, 2009

17 s/ Robert C. Warden
18 Robert C. Warden, WSBA No. 21189
19 10224 SE 225th PL
20 Kent WA 98031
21 (206) 601-9541

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | I hereby certify that on December 9, 2009, I |
| 3 | electronically filed the following documents with the Clerk of |
| 4 | the Court using the CM/ECF system which will send notification |
| 5 | of the filing to all counsel of record: |
| 6 | FIRST AMENDED COMPLAINT, |
| 7 | EXHIBITS 1ST AMENDED COMPLAINT. |
| 8 | DATED this 9th day of December, 2009. |
| 9 | s/ Robert C. Warden |
| 10 | Robert C. Warden, WSBA No. 21189 |
| 11 | 10224 SE 225th PL |
| 12 | Kent WA 98031 |
| 13 | (206) 601-9541 |