Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT C. WARDEN, <br>     Plaintiff, <br><br> vs. <br><br> GREGORY J. NICKELS and <br> CITY OF SEATTLE, <br>     Defendants. | No: 2:09-cv-01686-MJP <br><br> PLAINTIFF'S RESPONSE TO <br> DEFENDANTS' MOTION TO DISMISS <br><br><br><br> NOTED ON MOTION CALENDAR: <br> **Friday, January 22, 2010** |

<u>INTRODUCTION</u>

Plaintiff hereby responds to Defendants' December 30, 2009 Motion to Dismiss (Dkt. No. 10).

In addition to the arguments already made in Plaintiff's Motion for Preliminary Injunction (Dkt. No. 8), Plaintiff asserts the following four arguments in direct response to Defendants' Motion to Dismiss:

1) Whether or not the Second Amendment to the U.S. Constitution applies to the states is not settled, but is currently an open question that will be answered definitively by

Plaintiff's Response to Defendants'      Robert C. Warden
Motion to Dismiss      10224 SE 225th PL
     Kent WA 98031
Page 1 of 9      (206) 601-9541

the U.S. Supreme Court no later than June of this year.

   2) Heller v. District of Columbia *did not rule* that individual Second Amendment rights are limited to the possession of firearms in one's own home.  Heller set a floor, not a ceiling.

   3) The concept of qualified immunity does not protect defendant Nickels from punitive damages because Nickels either knew or should have known that his actions were illegal.

   4) Defendants clearly violated plaintiff's Washington State Constitutional right to bear arms in defense of himself because defendants' actions were unreasonable, irrational, and in direct violation of the state statutory scheme that implements the state constitutional right.

## DISCUSSION

Plaintiff incorporates into this response all statements, facts, and claims made in the First Amended Complaint, all exhibits attached thereto, and Plaintiff's Motion for Preliminary injunction.

   1) Whether or not the Second Amendment to the U.S. Constitution applies to the states *is not settled*, but is currently an open question that will be answered definitively by the U.S. Supreme Court no later than June of this year.

Defendants artfully argue that the Second Amendment does not apply to the states since the U.S. Supreme Court has not yet ruled definitively to the contrary.  However, a definitive ruling will be issued no later than June of this year in the McDonald case (Please refer to Defendants' Table of Authorities in Dkt. No. 10 for all case citations).  In other words, within three months of oral argument on this motion, the U.S. Supreme Court will have determined once and for all whether or not the Second Amendment applies to the states.  Further, as Plaintiff argued in Dkt. No. 8, it is practically inconceivable that the Supreme Court will determine that the Second Amendment applies to the few United States citizens who just happen to live in the District of Columbia, and yet deny the same fundamental right to all other United States citizens.

If, as argued by Defendants, the settled law in the Ninth Circuit was that the Second Amendment does not apply to the states, then Nordyke would simply have been dismissed by the Ninth Circuit en banc.  But that is not what they did.  Instead, they held Nordyke pending the outcome of McDonald, the case that actually will  settle the state application question once and for all.

Plaintiff's Response to Defendants'  
Motion to Dismiss

Page 3 of 9

Robert C. Warden  
10224 SE 225th PL  
Kent WA 98031  
(206) 601-9541

If the Court were to grant Defendants' motion to dismiss, the Ninth Circuit will just remand the case in a few months after the Second Amendment is determined to apply to the states. Granting Defendants' motion would be contrary to judicial efficiency and economy, and would burden an individual pro se plaintiff with spending hundreds of dollars appealing to the Ninth Circuit while supporting a family on the modest salary of a career federal servant. In the alternative, the Court could deny Defendants' motion, wait a couple of months for the <u>McDonald</u> decision, then entertain a new motion to dismiss in the incredibly unlikely event that McDonald denies a fundamental Constitutional right to all United States citizens other than those precious few who just happen to reside in the District of Columbia.

<u>2) Heller v. District of Columbia *did not rule* that individual Second Amendment rights are limited to the possession of firearms in one's own home. Heller set a floor, not a ceiling.</u>

Nowhere in <u>Heller</u> does the Supreme Court state, suggest, or otherwise imply that the Second Amendment protects nothing more than operable firearms in the home. What <u>Heller</u> did hold is that, at a bare minimum, the Second Amendment protects

operable firearms in the home.  <u>Heller</u> establishes a floor for the right, but in no way suggests what the ceiling may be.  As the <u>Nordyke</u> panel so simply and eloquently stated, "Second Amendment law remains in its infancy."  Further, the only sensible reading of the phrase "keep and bear" is the plainly synonymous modern phrase "possess and carry."  The right to carry would not be much of a right if all it guaranteed was the right to carry guns whilst sauntering around in the relatively safe and secure confines of one's own home.

      Likewise, contrary to Defendants' assertions, <u>Heller</u> made no ruling with regard to what specific circumstances and places would justify restricting Second Amendment rights. Defendants cite frequently and rely heavily on <u>Heller</u> dicta that did nothing more than reiterate that the Court *was not ruling* on an entity's authority to restrict carry rights in sensitive places.  The ruling was limited to the home only.  Defendants boot strap from this dicta to the absurd conclusion that <u>Heller</u> sanctioned any local entity's restriction on carry rights in any location deemed by the local entity to be "sensitive."  Forget legislative action; never mind rational facts; just let a single city bureaucrat restrict a fundamental Constitutional right whenever and wherever that lone actor decides it is appropriate.

Plaintiff's Response to Defendants'                    Robert C. Warden
Motion to Dismiss                                   10224 SE 225th PL
                                                                Kent WA 98031
Page 5 of 9                                                                  (206) 601-9541

The Heller court surely did not have that in mind.  Defendants' action does not meet any form of legal scrutiny.

  <u>3) The concept of qualified immunity does not protect defendant Nickels from punitive damages because Nickels either knew or should have known that his actions were illegal.</u>

  Attached as Exhibit A to this Response is a January 15, 2010 story published online by the Seattle Times, and the three-page letter from Defendant Nickels that is the subject of the article that was appended to the article by the Times.  Exhibit A demonstrates that Defendant Nickels knew in early 2006 that Washington cities lacked any legal authority to regulate firearms in any way because of Washington State's preemption statute.  In enacting the state preemption statute, Washington's legislature created a system to guarantee consistency in any necessary restriction on citizens' state and federal constitutional rights to keep and bear arms.  Given Washington State's carefully crafted legislative structure for protecting this fundamental right, it is plaintiff's position that any local restriction of the right is a per se violation of both state and federal constitutions; that any local restriction in violation of the preemption structure is inherently unreasonable.

Plaintiff's Response to Defendants'  Robert C. Warden
Motion to Dismiss  10224 SE 225th PL
  Kent WA 98031
Page 6 of 9  (206) 601-9541

<u>**4) Defendants clearly violated plaintiff's Washington State Constitutional right to bear arms in defense of himself because defendants' actions were unreasonable, irrational, and in direct violation of the state statutory scheme that implements the state constitutional right.**</u>

Please see above discussion point number 3. While it is obviously true that all fundamental constitutional rights can be reasonably restricted to some degree in specific circumstances, it is equally obviously untrue that a single municipal bureaucrat, acting without a hint of legislative authority, can restrict a fundamental Constitutional right whenever he or she decides it is desirable. Defendants' action does not meet any form of legal scrutiny.

## CONCLUSION

1) Whether or not the Second Amendment to the U.S. Constitution applies to the states is not settled, but is currently an open question that will be answered definitively by the U.S. Supreme Court no later than June of this year.

2) <u>Heller v. District of Columbia</u> *did not rule* that individual Second Amendment rights are limited to the possession of firearms in one's own home. <u>Heller</u> set a floor, not a ceiling.

Plaintiff's Response to Defendants' Motion to Dismiss

Page 7 of 9

Robert C. Warden
10224 SE 225th PL
Kent WA 98031
(206) 601-9541

3) The concept of qualified immunity does not protect defendant Nickels from punitive damages because Nickels either knew or should have known that his actions were illegal.

4) Defendants clearly violated plaintiff's Washington State Constitutional right to bear arms in defense of himself because defendants' actions were unreasonable, irrational, and in direct violation of the state statutory scheme that implements the state constitutional right.

DATED this 19th day of January, 2010.

Respectfully submitted,

s/ Robert C. Warden
Robert C. Warden, WSBA No. 21189
10224 SE 225th PL
Kent WA 98031
(206) 601-9541

Plaintiff's Response to Defendants' Motion to Dismiss

Page 8 of 9

Robert C. Warden
10224 SE 225th PL
Kent WA 98031
(206) 601-9541

CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2010, I electronically filed the following document with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record:

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

DATED this 19th day of January, 2010.

s/ Robert C. Warden
Robert C. Warden, WSBA No. 21189
10224 SE 225th PL
Kent WA 98031
(206) 601-9541

Plaintiff's Response to Defendants' Motion to Dismiss

Page 9 of 9

Robert C. Warden
10224 SE 225th PL
Kent WA 98031
(206) 601-9541