The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ROBERT C. WARDEN,<br><br>              Plaintiff,<br><br>   v.<br><br>GREGORY J. NICKELS and CITY OF SEATTLE,<br><br>             Defendants. | Case No. C09-1686 MJP<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) |

REPLY IN SUPPORT OF DEFENDANTS'
MOT. TO DISMISS
CASE NO. 2:09-CV-01686-MJP

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5700
Seattle, Washington 98104-7097
tel+1-206-839-4300

## I. INTRODUCTION

Defendants have moved to dismiss Plaintiff's Complaint in its entirety. Defendants have cited applicable law from the United States Supreme Court and the Ninth Circuit demonstrating that Plaintiff has no claim for violation of rights under the United States Constitution. Washington cases are equally clear that reasonable restrictions on carrying deadly firearms in public are permitted under the Washington State Constitution. In opposition, Plaintiff cites no federal or state authority to support his constitutional claims, and no case holding that laws or policies of the kind at issue here violate any constitutional provision.

Because this is a court of law and not talk radio, Plaintiff is obligated to come forward with more than rhetoric to rebut the challenge to the legal sufficiency of his claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). His failure to do so is tantamount to an admission that his claims have no merit, and requires dismissal of all of his claims. Accordingly, with several exceptions below, Defendants rely on the arguments and authorities previously set forth in their Motion to Dismiss (Dkt. No. 10) ("Motion"), and will not repeat them here.

## II. DISCUSSION

### A. Plaintiff's Request for a "Stay of Execution."

It is no surprise that Plaintiff has cited no case that holds that a municipality violates a constitutional right concerning firearms by conditioning access to *municipally owned property* on being gun-free. At his deposition, Plaintiff also acknowledged that he was aware of no federal case that recognized a constitutional right to carry firearms outside one's own home. Declaration of David S. Keenan in Support of Reply in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Keenan Decl."), Ex. A (Deposition of Robert C. Warden ("Dep.") at 54:19-22). Plaintiff now asks the Court to hold this motion in abeyance in the hope that the Supreme Court will announce new authority to buttress a claim for which he offers no legal support. The Court should not entertain this unreasonable request for several reasons.

REPLY IN SUPPORT OF DEFENDANTS' MOT. TO DISMISS
CASE NO. 2:09-CV-01686-MJP

1

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5700
Seattle, Washington 98104-7097
tel +1-206-839-4300

*First*, Plaintiff has not filed a motion to stay these proceedings, and has cited no authority that justifies a stay in the hopes that there will soon be a change in the law. When a similar request was made in another Second Amendment case in this Circuit, the District Court rejected the request, and granted the defendants' motion to dismiss. *Burns v. Mukasey*, No. CIV S-09-0497, 2009 WL 3756489, at *4 (E.D. Cal. Nov. 6, 2009). Moreover, 42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating *federal rights elsewhere conferred*." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion) (emphasis added, internal quotation marks omitted). In other words, Plaintiff has commenced a civil action against the City of Seattle and Mayor Nickels for his alleged injury and demanded immediate injunctive relief, so he cannot now argue that the Court should simply decline to make decisions in the case because "it is practically inconceivable," in Plaintiff's baseless opinion, that the Supreme Court will not vastly expand the Second Amendment rights defined in *District of Columbia v. Heller*, --- U.S. ---, 128 S. Ct. 2783, *cert. denied sub nom.*, *Parker v. District of Columbia*, 128 S. Ct. 2994 (2008). *See* Pl.'s Resp. at 3-4 (Dkt. No. 13).[1] Plaintiff deliberately chose to file his lawsuit under current conditions rather than wait for a favorable change in the legal weather.

*Second*, Plaintiff has himself filed a motion asking the Court to grant extraordinary relief—an immediate preliminary injunction—*now*. In doing so, he has in effect compelled the Court also to consider Defendants' Motion. Indeed, after his deposition testimony unequivocally demonstrated that Plaintiff had suffered no injury of any kind and that he was without legal authority to support his claims,[2] Defendants asked Plaintiff to withdraw his Motion for Preliminary Injunction because it is without arguable merit, but he persisted. Keenan Decl. ¶ 3. Plaintiff cannot affirmatively seek extraordinary relief on the one hand, and on the other, ask the Court to deny Defendants the due process of a prompt determination of

---

[1] Unlike the State of Washington, the District of Columbia firearms code at issue in *Heller* was directly subject to the Bill of Rights, based on the District of Columbia's special status. *See, e.g.*, *Parker v. District of Columbia*, 478 F.3d 370, 391 n.13 (D.C. Cir. 2007) ("[T]he District is directly constrained by the entire Bill of Rights, without need for the intermediary of incorporation."), *aff'd*, *District of Columbia v. Heller*, --- U.S. ---, 128 S. Ct. 2783, *cert. denied sub nom.*, *Parker v. District of Columbia*, 128 S. Ct. 2994 (2008).

[2] *See* Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. No. 14), at 11-12.

REPLY IN SUPPORT OF DEFENDANTS'        2
MOT. TO DISMISS
CASE NO. 2:09-CV-01686-MJP

the adequacy of his allegations under Rule 12(b)(6). Defendants are entitled to a prompt determination, and Plaintiff cites no authority to the contrary.

### B.   Claim Against Former Mayor Nickels.

In his Complaint, Plaintiff alleges that Mayor Nickels has violated 42 U.S.C. § 1983, and that Plaintiff is entitled to punitive damages. Defendants established in their Motion that Mayor Nickels is entitled to qualified immunity even if the claims against the City of Seattle are not dismissed based on the state of federal law. *See* Motion at 17. Remarkably, Plaintiff fails to cite a single case construing or applying § 1983, let alone addressing the principles of qualified immunity. For this reason alone, the request for dismissal should be granted.

In lieu of federal law, Plaintiff asserts that there is a *state* law that preempts local governments from regulating guns. Plaintiff refers to a letter quoted in a *Seattle Times* story in which Mayor Nickels said that Seattle's "hands are tied" because a state preemption statute prevents the city from enacting gun regulations, and argues that the statement is an admission that no law could be passed. From this premise, Plaintiff leaps to the remarkable conclusion that any violation of state law involving a constitutional right is a "per se" violation of the state and federal constitution. Pl.'s Resp. at 6 (Dkt. No. 13).

There are many problems with this astounding assertion, but the most fundamental flaw is that a § 1983 claim is only available for the infringement of a *federally* protected right. *See* Motion at 6. Plaintiff cites no law that suggests that a violation of a *state* statute could support a § 1983 claim, and the contention itself is an obvious paradox. Moreover, when he filed his Amended Complaint, Plaintiff *eliminated* the claim he had formerly alleged under the State preemption statute. *Compare* Complaint (Dkt. No. 1) with Amended Complaint (Dkt. No. 4); *see also* Dep. at 40:15-17 (Plaintiff acknowledges that his suit no longer includes a State preemption claim). In short, there exists no arguable legal basis—and not a single case or statute has been cited by Plaintiff—that would allow Plaintiff to predicate his § 1983 claim on an alleged violation of a state statute.

Additionally, although the double hearsay statement about hands being "tied" was not alleged in the Complaint and cannot be considered on a Rule 12(b)(6) motion, the context of

REPLY IN SUPPORT OF DEFENDANTS'  
MOT. TO DISMISS  
CASE NO. 2:09-CV-01686-MJP

3

the article referred to gun *regulation* of *general* application throughout the City, subject to *criminal* penalties. The Parks Department Policy that was issued in 2009, however, is not a regulation that has general application throughout the City, but is a municipal *policy* that applies exclusively to designated *municipally owned property*, and is nothing more than a condition of use. It does not include criminal penalties. Plaintiff does not address the distinction, and once again, fails to cite authority to support his position.

### III.  CONCLUSION

Plaintiff sought to garner local and national media attention for his individual effort to hold local officials "accountable" for alleged violations of gun rights under the Constitution. Then, when his deposition revealed that Plaintiff had never actually exercised his right to carry firearms in City Parks facilities before the Policy was issued, Plaintiff persisted with his Motion for Preliminary Injunction, despite a request that it be withdrawn because it is without arguable merit. Keenan Decl. ¶ 3. Now, unable to cite any federal or state legal authority to support any of his claims, he essentially requests a stay of execution rather than a decision on the law as it now stands.

If justice were delayed here, then justice for the Defendants, who are entitled to immediate dismissal on the law as it currently exists, would be denied. Plaintiff has failed to state any claim for relief under federal or state constitutional law, and his Amended Complaint should be dismissed with prejudice.

| | | |
|---|---|---|
| 1 | Dated: January 22, 2010. | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | By: s/ Daniel J. Dunne |
| | | George E. Greer (WSBA No. 11050) |
| 4 | | ggreer@orrick.com |
| | | Daniel J. Dunne (WSBA No. 16999) |
| 5 | | ddunne@orrick.com |
| | | David Keenan (WSBA No. 41359) |
| 6 | | dkeenan@orrick.com |
| 7 | | 701 5th Avenue, Suite 5700 |
| | | Seattle, WA 98104-7097 |
| 8 | | Telephone: +1-206-839-4300 |
| | | Facsimile: +1-206-839-4301 |
| 9 | | |
| 10 | | *Attorneys for Defendants Gregory J. Nickels and City of Seattle* |
| 11 | | PETER S. HOLMES |
| 12 | Dated: January 22, 2010 | SEATTLE CITY ATTORNEY |
| 13 | | By: s/Gary Keese |
| | | Gary Keese (WSBA NO. 19265) |
| 14 | | Assistant City Attorney |
| | | Gary.Keese@seattle.gov |
| 15 | | |
| 16 | | 600 Fourth Avenue, 4th Floor |
| | | P.O. Box 94769 |
| 17 | | Seattle, WA 98124-4769 |
| | | Telephone: +1-206-684-8200 |
| 18 | | Facsimile: +1-206-684-8284 |
| 19 | | |
| 20 | | *Attorneys for Defendants Gregory J. Nickels and City of Seattle* |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2010, I electronically filed the following document with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record:

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6).

DATED this 22nd day of January, 2010.

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By /s Daniel J. Dunne
  Daniel J. Dunne (WSBA #16999)

  701 Fifth Avenue, Suite 5700
  Seattle, WA  98104
  Phone: (206) 839-4300
  Fax:    (206) 839-4301
  Email: ddunner@orrick.com