1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   WESTERN DISTRICT OF WASHINGTON

10                              AT SEATTLE

11   ROBERT C. WARDEN,                    Case No. C09-1686 MJP

12              Plaintiff,                DECLARATION OF DAVID S. KEENAN
                                          IN SUPPORT OF REPLY IN SUPPORT
13        v.                              OF DEFENDANTS' MOTION TO
                                          DISMISS PURSUANT TO FED. R. CIV. P.
14   GREGORY J. NICKELS and CITY OF       12(b)(6)
     SEATTLE,
15
              Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF DAVID S. KEENAN SUPP.
REPLY RE DEFS.' MOT. TO DISMISS
CASE NO. 2:09-CV-01686-MJP
OHS WEST:260813078.1

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5700
Seattle, Washington  98104-7097
tel+1-206-839-4300

1

1    I, David S. Keenan, declare as follows:

2       1.    I am an attorney licensed in the State of Washington.  I am associated with the

3    law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for Defendants Gregory J.

4    Nickels and City of Seattle (collectively, "Defendants") in the above-captioned matter.  I

5    submit this declaration in support of Defendants' Reply in Support of Motion to Dismiss

6    Amended Complaint.  I have personal knowledge of the matters set forth herein and, if called

7    upon, I could and would competently testify thereto.

8       2.    On December 22, 2009, I was present for and participated in the deposition of

9    Plaintiff Robert C. Warden.  A true and correct copy of excerpts of the transcript of

10   Mr. Warden's deposition is attached hereto as Exhibit A.

11      3.    On or about January 8, 2010, I spoke with Plaintiff and expressed Defendants'

12   view that his deposition testimony indicated that he could not establish either a likelihood of

13   prevailing on the merits or that he had suffered injury.  I asked him to consider striking his

14   Motion for Preliminary Injunction for lack of merit.  Plaintiff declined.

15      I declare under penalty of perjury under the laws of the United States of America that

16   the foregoing is true and correct.

17         Executed this 22nd day of January, 2010, in Seattle, Washington.

18

19                          s/David S. Keenan
20                          David S. Keenan

21

22

23

24

25

26

27

28

DECL. OF DAVID S. KEENAN SUPP.                    1
REPLY RE DEFS.' MOT. TO DISMISS
CASE NO. 2:09-CV-01686-MJP
OHS WEST:260813078.1

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5700
Seattle, Washington  98104-7097
tel+1-206-839-4300

2

1

## CERTIFICATE OF SERVICE

2

3

I hereby certify that on January 22, 2010, I electronically filed the following document

4

with the Clerk of the Court using the CM/ECF system which will send notification of the filing

5

to all counsel of record:

6

DECLARATION OF DAVID S. KEENAN IN SUPPORT OF REPLY IN SUPPORT

7

OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6).

8

DATED this 22nd day of January, 2010.

9

ORRICK, HERRINGTON & SUTCLIFFE LLP

10

11

By s/ Daniel J. Dunne
          Daniel J. Dunne (WSBA #16999)

12

13

701 Fifth Avenue, Suite 5700
Seattle, WA  98104
Phone: (206) 839-4300
Fax:    (206) 839-4301
Email: ddunne@orrick.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5700
Seattle, Washington  98104-7097
tel+1-206-839-4300

3

# EXHIBIT A

Page 54

1    does not provide much guidance, the open, public spaces the

2    county's ordinance covers fit comfortably within the same

3    category as schools and government buildings, end quote,

4    correct?

5  A  Yes.

6  Q  So do you understand that in this opinion the Ninth Circuit,

7    relying on the precedent of the Supreme Court in Heller held

8    that a county ordinance forbidding possession of firearms in

9    open, public spaces is not unconstitutional under the Second

10   Amendment?

11 A  Yes.

12 Q  And are you aware of any higher federal authority to the

13   contrary?

14 A  I am not aware of that, no.

15 Q  And they also summarized Heller to say that the core of the

16   right that Heller analyzed was the right of an individual to

17   defend themselves in their homes, correct?

18 A  Yes.

19 Q  And are you aware of any federal authority that recognizes

20   under the Second Amendment a right to bear arms for self-

21   defense outside of the home?

22 A  I'm not aware of any right now, no.

23 Q  And then the Ninth Circuit goes on to say that prohibiting

24   firearm possession on municipal property fits within the

25   exception from the Second Amendment for sensitive places that

Page 40

1     quoted as saying on November 13th with respect to the City:

2     They know full well it's illegal, but they went ahead and did

3     it anyway.

4          Is that something that you said on November 13th?

5   A   I believe that's -- yes, I believe that's an accurate quote.

6   Q   And with respect to the knowledge that the policy was

7     allegedly illegal, are you relaying on anything other than

8     the language of the Second Amendment, the decision of the

9     Supreme Court in Heller and the Attorney General's opinion

10    and the state statute?

11  A   No.  Those -- yeah, I basically was talking about the

12    Attorney General's opinion when I made that statement.

13  Q   Okay.

14  A   Yes, nothing other than what you just said.

15  Q   And your lawsuit doesn't actually include a claim based on

16    the state preemption statute, correct?

17  A   Right.

18  Q   You originally included one, but you amended your complaint

19    to intentionally remove any claim based on Washington State

20    statute, right?

21  A   Right.  It contains the Washington contusional, but no

22    statutory, yes.

23  Q   All right.  And so at this time, as we sit here today, you

24    don't have a claim based on Title 9 of the RCW or any

25    Washington statute; is that right?

6