Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT C. WARDEN,<br>          Plaintiff,<br><br>     vs.<br><br>GREGORY J. NICKELS and<br>CITY OF SEATTLE,<br>          Defendants. | No: 2:09-cv-01686-MJP<br><br>PLAINTIFF'S REPLY TO<br>DEFENDANTS' RESPONSE RE<br>MOTION FOR PRELIMINARY<br>INJUNCTION<br><br>NOTED ON MOTION CALENDAR:<br>**Friday, January 22, 2010** |

Plaintiff hereby replies to Defendants' January 19, 2010 Response (Dkt. No. 14).

In addition to the arguments already made in Plaintiff's Motion for Preliminary Injunction (Dkt. No. 8), and in Plaintiff's January 19, 2010 Response to Defendants' Motion to Dismiss, which are hereby incorporated by reference, Plaintiff asserts the following in direct reply to Defendants' January 19 Response:

Plaintiff's motives and reasons for presenting himself armed with a concealed pistol at the Southwest Community Center on November 14, 2009 are utterly irrelevant. The uncontested fact is that Plaitiff was refused entry, and that such refusal was based solely on Plaintiff's exercise of a fundamantal

Plaintiff's Reply to Defendants' Response
Re Motion for Preliminary Injunction

Page 1 of 5

Robert C. Warden
10224 SE 225th PL
Kent WA 98031
(206) 601-9541

1  constitutional right.

2  It is irrelevant that Plaintiff does not regularly or
3  frequently carry a concealed pistol on Seattle Park property.
4  How often one chooses to exercise a right cannot coherently be
5  relevant to the legality of a policy that denies the right when
6  one does choose to exercise it.  If an individual did not
7  regularly exercise a free speech right would that make it okay to
8  deny him that right when he did choose to exercise it?

9  Irreparable harm is experienced each and every time an
10 individual is improperly denied the exercise of a right.  The
11 fact that other Seattle Parks properties may allow exercise of
12 the right is also irrelevant.  Would a rule banning free speech
13 in some public parks be permissible so long as free speech were
14 permitted in other parks?

15 Though Plaintiff regretably misstated the applicable
16 legal standard for preliminary injunctive relief, Plaintiff has
17 already demonstrated that the new <u>Winter</u> standards are easily
18 met.

19 No evidence of irreparable harm or injury is necessary as
20 the fact of such is not reasonably in dispute – Plaintiff was
21 denied entry.  On November 14, 2009 a right was denied that
22 cannot be monetarily compensated.

23 Statements made by Plaintiff in his deposition testimony
24 related to interpretation and/or applicability of law and caselaw

Plaintiff's Reply to Defendants' Response                Robert C. Warden
Re Motion for Preliminary Injunction                     10224 SE 225th PL
                                                         Kent WA 98031
Page 2 of 5                                              (206) 601-9541

1  are obviously irrelevant.  Whether or not a given statute or
2  precedent applies or not in a given situation is a determination
3  that is independent of Plaintiff's response to any question in a
4  deposition.

5       Defendants cite a 2009 survey of no demonstrated or even
6  suggested statistical significance or validity that purports to
7  suggest that only 4 percent of Seattle voters have concealed
8  pistol licenses.  Assuming only for the sake of argument that
9  that is true, who cares?  If only 4 percent of Seattle voters
10 wanted to exercise their right to peaceably assemble, would that
11 justify a policy forbidding peaceable assembly?  I bet at least
12 some children are afraid of large crowds.  Everyone knows that
13 large crowds of peaceably assembled persons can become
14 unpeaceful.  Shall we just prohibit large crowds?

15      Defendants continue to hide behind absolutely baseless,
16 heart-string-pulling, smoke-and-mirrors rhetoric about children
17 and families.  Where is the beef?  Where is any evidence of any
18 kind that anyone is endangered in any way by lawful concealed
19 pistol carrying in Parks properties?  Defendants advance the
20 trivially obvious fact that gun violence cannot happen without
21 guns.  It is also uncontroversially true that young single males
22 commit the vast majority of all violent crimes.  Would the city
23 be justified in simply banning all young single males from so-
24 called "sensitive" areas?

1    Defendants continually question Plaintiff's motives and
2 even personality traits.  Defendants continually use empty
3 emotional arguments that have no rational basis or substance
4 behind them.  Perhaps most offensively, Defendants continue to
5 claim that the preferences and bigotry of a purported majority
6 justifies significant abrogation of a fundamental individual
7 right.  Defendants like to speak of irony.  The ultimate irony in
8 this case is that this tyranny of the majority was invented and
9 implemented by a single municipal bureaucrat (Parks Department
10 head) at the direction of a single man who had already been
11 unequivocally voted out of office by the very majority he claims
12 to represent: Defendant Greg Nickels.

13    DATED this 22nd day of January, 2010.

Respectfully submitted,

s/ Robert C. Warden
Robert C. Warden, WSBA No. 21189
10224 SE 225th PL
Kent WA 98031
(206) 601-9541

Plaintiff's Reply to Defendants' Response                                    Robert C. Warden
Re Motion for Preliminary Injunction                                         10224 SE 225th PL
                                                                             Kent WA 98031
Page 4 of 5                                                                  (206) 601-9541

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 22, 2010, I electronically filed the following document with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record:

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE RE MOTION FOR PRELIMINARY INJUNCTION

DATED this 22nd day of January, 2010.

<u>s/ Robert C. Warden</u>
Robert C. Warden, WSBA No. 21189
10224 SE 225th PL
Kent WA 98031
(206) 601-9541

Plaintiff's Reply to Defendants' Response
Re Motion for Preliminary Injunction

Page 5 of 5

Robert C. Warden
10224 SE 225th PL
Kent WA 98031
(206) 601-9541