Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT C. WARDEN,<br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>GREGORY J. NICKELS and<br>CITY OF SEATTLE,<br>　　　　Defendants. | No: 2:09-cv-01686-MJP<br><br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT<br><br><br><br>NOTE ON MOTION CALENDAR:<br>**Friday, March 12, 2010** |

INTRODUCTION

Plaintiff hereby moves for summary judgment on all claims at issue in this action, and asks that the Court grant all remedies and relief requested in the First Amended Complaint.

DISCUSSION

Plaintiff hereby reiterates and incorporates into this motion for summary judgment all assertions and arguments made in all of Plaintiff's previous pleadings and filings in the above-captioned action.

1    This past Friday, February 12, King County Superior
2 Court Judge Catherine Shaffer ruled in Chan v. Seattle that the
3 same Seattle Parks Department gun ban rule at issue in the
4 above-captioned action violated Washington State statutory law,
5 and declared the rule null and void (See Exhibit A to this
6 motion).  In granting complete summary judgment to the
7 individual Chan plaintiffs, Judge Shaffer also granted full
8 injective relief, found that the individual Chan plaintiffs who
9 were turned away from Parks property only because they carried
10 firearms had suffered substantial injury, and found that the
11 individual plaintiffs had "a clear legal or equitable right to
12 carry firearms under federal and state constitutions."  For the
13 convenience of the Court, as background information the Chan
14 motion for summary judgment, as well as the related response and
15 reply are attached as Exhibits B through D.
16     The Chan ruling effectively destroyed the foundation of
17 Defendants' theories in the above-captioned action.  Defendants
18 have repeatedly insisted that the gun ban rule was reasonable
19 and legal.  That position was clearly and completely rejected in
20 Chan.  Defendants have repeatedly claimed that Plaintiff lacks
21 standing and has not suffered harm in this case.  That position
22 was clearly and completely rejected in Chan, whose individual

plaintiffs suffered the exact same harm as Plaintiff in this case.

    The specific issue in Chan was the state preemption statute forbidding Washington municipalities from regulating firearms.  Judge Shaffer ruled on that issue, and federal courts are generally "bound by a state court's construction of its own laws." Reynolds v. Borg, 21 F.3d 1115 (Ninth Cir.) 1994.  Judge Shaffer went further, however, and made the specific finding that plaintiffs had "a clear legal or equitable right to carry firearms under federal and state constitutions."  With regard to the state constitution finding, Judge Shaffer is again entitled to Reynolds v. Borg deference.  Judge Shaffer's reasoned and well-researched finding regarding the federal constitution is relevant for pursuasive value as she applied the finding to essentially the same fact pattern at issue in the above-captioned case.

    Defendants' gun ban rule has been struck down by the state court as illegal.  That is a fact; not argument.  In that context, it can no longer be coherently argued that the rule was reasonable.  As an illegal and unreasonable infringement of a fundamental right specifically enumerated in both state and federal constitutions, Plaintiff's rights under both

Plaintiff's Motion for Summary Judgment    Robert C. Warden
10224 SE 225th PL
Kent WA 98031
Page 3 of 5    (206) 601-9541

1  constitutions have clearly been violated.  The state

2  constitutional violation has already been determined by Judge

3  Shaffer in the Chan case.  When she found a federal

4  constitutional violation, Judge Shaffer clearly sided with

5  Plaintiff Warden's reasoning that application of second

6  amendment rights against the states is all but certain given the

7  majority opinion in <u>Heller</u>.

## CONCLUSION

9       There is no dispute regarding any material fact.

10 Summary judgement is appropriate.  For the reasons detailed

11 above and in Plaintiff's prior pleadings, judgment should be

12 entered in Plaintiff's favor, and all remedies and relief

13 requested in the First Amended Complain should be granted.

14       DATED this 15th day of February, 2010.

16                              Respectfully submitted,

18                              <u>s/ Robert C. Warden</u>
19                              Robert C. Warden, WSBA No. 21189
20                              10224 SE 225th PL
21                              Kent WA 98031
22                              (206) 601-9541

<pre>
1                    CERTIFICATE OF SERVICE

2          I hereby certify that on February 15, 2010, I

3   electronically filed the following documents with the Clerk of

4   the Court using the CM/ECF system which will send notification

5   of the filing to all counsel of record:

6           PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

7           SUMMARY JUDGMENT DRAFT ORDER

8           DATED this 15th day of February, 2010.

9                              s/ Robert C. Warden
10                             Robert C. Warden, WSBA No. 21189
11                             10224 SE 225th PL
12                             Kent WA 98031
13                             (206) 601-9541
</pre>