THE HONORABLE GREGORY P. CANOVA
Noted: Friday, February 12, 2010, 9:00 a.m.
(With Oral Argument)

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

WINNIE CHAN, et al.,

Plaintiffs,

v.

CITY OF SEATTLE, et al.,

Defendants.

No. 09-2-39574-8 SEA

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## TABLE OF CONTENTS

I. **INTRODUCTION AND RELIEF REQUESTED** .......... 3

II. **STATEMENT OF FACTS** .......... 4

A. The City enacts a Firearms Rule that conflicts with and is far more restrictive than state law. .......... 4

B. The City is enforcing the Firearms Rule against Washington citizens even though the Rule violates state law. .......... 6

III. **STATEMENT OF ISSUES** .......... 10

IV. **EVIDENCE RELIED UPON** .......... 10

V. **ARGUMENT AND AUTHORITY** .......... 11

A. The Firearms Rule violates clearly established state law. .......... 11

B. Declaratory relief is appropriate here. .......... 14

C. Injunctive relief is also appropriate here. .......... 17

VI. **CONCLUSION** .......... 18



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## I. INTRODUCTION AND RELIEF REQUESTED

In 1983, the state of Washington enacted a statutory scheme that comprehensively and preemptively regulates all aspects of firearm possession in the state of Washington. RCW 9.41.010-9.41.810. This firearms statute includes a provision entitled "State Preemption." RCW 9.41.290. That provision states in no uncertain terms that the Washington Legislature "fully occupies and preempts the entire field of firearms regulation within the boundaries of the state." RCW 9.41.290. To avoid the dangers and unfairnesses inherent in a patchwork quilt of conflicting local regulations, the state preemption provision warned that "[l]ocal laws and ordinances that are inconsistent with, more restrictive than, or exceed the requirements of state law **shall not be enacted and are preempted and repealed.**" *Id.* (emphasis added).

Despite the undeniable fact that the legislature has the exclusive authority to regulate firearms in Washington, defendants City of Seattle, Mayor Mike McGinn,[1] Seattle Department of Parks and Recreation, and Superintendent Gallagher (collectively, "defendants" or "the City") have enacted a firearms ban in certain City parks and recreation facilities that is far more restrictive than the state regulatory scheme found in RCW 9.41. Worse, the City knows to a certainty that this gun ban violates the law. Indeed, in a May 2006 letter to Speaker of the House Frank Chopp, then-Mayor Greg Nickels admitted that only the legislature had the power to regulate firearms, stating:

> We cannot accomplish anything without your personal leadership in Olympia. **State law preempts any and all local regulations related to firearms. Our hands are tied at the local level and we are unable to adopt any local laws to protect our residents from gun crime.**

Declaration of Steven W. Fogg ("Fogg Decl."), Ex. D at 2 (emphasis added).

---

[1] As originally filed in October 2009, this Complaint named then-Mayor Gregory Nickels as one of the defendants. Since then, Mayor Nickels has left office and been replaced by Mayor Mike McGinn. The parties have therefore stipulated to substitute Mayor McGinn for Mayor Nickels. *See* Stipulation and (Proposed) Order Substituting Defendant, filed on January 14, 2010.



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Attorney General Rob McKenna reinforced this message in 2008 in response to a letter from state legislators that asked "Does a city in Washington have the authority to enact a local law that prohibits possession of firearms on city property or in city-owned facilities?" Fogg Decl., Ex. E at 1. Attorney General McKenna responded to this question as follows:

> **The answer to your question is no.** RCW 9.41.290 "fully occupies and preempts the entire field of firearms regulation" and preempts a city's authority to adopt firearms law or regulations of application to the general public, unless specifically authorized by state law. Accordingly, RCW 9.41.290 preempts a city's authority to enact local laws that prohibit possession of firearms on city property or in city-owned facilities.

*Id.* (emphasis added). McKenna went on to state that a city cannot regulate firearm possession under the guise of property ownership because "[l]arge parts of city property are generally open to the public." *Id.* at 4.

Notwithstanding these clear and unmistakable warnings, the City has enacted and is enforcing an illegal gun ban that every day violates the rights of ordinary Washington citizens like plaintiffs Winnie Chan, Robert Kennar, Raymond Carter, Gray Peterson, and Gary Goedecke (collectively, "individual plaintiffs"). Accordingly, the individual plaintiffs – joined by the Second Amendment Foundation ("SAF"), National Rifle Association of America ("NRA"), Citizens Committee for the Right to Keep and Bear Arms ("Citizens Committee"), and Washington Arms Collectors (collectively, "organizational plaintiffs") – come before this court seeking declaratory and injunctive relief on summary judgment. This case presents a pure of issue of law. It can and should be decided now in plaintiffs' favor.

## II. STATEMENT OF FACTS

### A. The City enacts a Firearms Rule that conflicts with and is far more restrictive than state law.

In Washington, adults have the constitutional and statutory right to carry a concealed firearm in most public locations – including city parks – if they have a valid Concealed Pistol



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

License. RCW 9.41.010-9.41.810, 70.108.150. Washington law also permits adults to openly carry a holstered firearm in any place where it is otherwise legal to possess a firearm if such carrying is done peacefully. RCW 9.41.270.

Ignoring these clear statutory directives, Seattle's Parks and Recreation Department issued a rule on October 14, 2009 that completely contradicts the state regulatory scheme. The City's firearms rule prohibits citizens from possessing a lawful firearm on city-owned property where "children and youth are likely to be present":

> The Department, in its proprietary capacity as owner or manager of Department facilities, does not permit the carrying of concealed firearms or the display of firearms, except by law enforcement officers and on-duty security officers, at Parks Department facilities at which: 1) children and youth are likely to be present and, 2) appropriate signage has been posted to communicate to the public that firearms are not permitted at the facility.

Fogg Decl., Ex. A at ¶ 4.0. This rule, known as the "Firearms Rule," goes on to designate an extensive list of Parks Department facilities as facilities at which children and youth are likely to be present. Those facilities are:

> 5.1.1 Playgrounds and Children's play areas;
> 5.1.2 Sports Fields, Sports Courts and other sports facilities;
> 5.1.3 Swimming and Wading Pools;
> 5.1.4 Spray Parks (Water Play Areas);
> 5.1.5 Teen Centers;
> 5.1.6 Community Centers;
> 5.1.7 Environmental Learning Centers;
> 5.1.8 Small craft centers;
> 5.1.9 Performing Arts Centers;
> 5.1.10 Tennis Centers;
> 5.1.11 Skateboard Parks;
> 5.1.12 Golf Courses; and,
> 5.1.13 Swim beaches.

*Id.* at ¶ 5.1. At these facilities, the Parks Department Superintendent may post "appropriate signage indicating to the public that firearms are not permitted at that facility." *Id.* at ¶ 5.2. The Rule becomes applicable to a particular Parks Department facility once signage has been posted at that facility. *Id.* at ¶ 4.0.



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

As a result of the Firearms Rule, a police officer or other authorized City employee may order a person to leave a Parks Department facility *even if that person has a valid Concealed Pistol License and is permitted by state law to carry a concealed pistol. Id.* at ¶ 6.0. Refusal to leave may subject a violator to citation or arrest for criminal trespass.[2] *Id.* at ¶ 6.1.

In conjunction with the enactment of its new Firearms Rule, the City also issued a Press Release announcing that, by noon on October 16, 2009, signage announcing the firearms ban would be posted at the South Park Community Center, the Garfield Community Center, and the Bitter Lake Community Center. Fogg Decl., Ex. C. The Press Release further stated that signs will be posted at approximately 530 designated facilities by December 1, 2009. *Id.*

**B. <u>The City is enforcing the Firearms Rule against Washington citizens even though the Rule violates state law.</u>**

The individual plaintiffs all possess lawful and valid Concealed Pistol Licenses.[3] Because the individual plaintiffs are properly licensed, state law entitles them to carry concealed weapons to City parks and other designated facilities. Nevertheless, and as will be discussed below, the City is aggressively enforcing the Firearms Rule in a manner that denies the individual plaintiffs their right to carry concealed weapons in places like City parks and recreation facilities.

---

[2] The Firearms Rule was likely a direct result of Executive Order 07-08 ("Gun Safety at City Facilities"), which was issued by then-Mayor Nickels in June 2008. This Executive Order directed all City departments to conduct an inventory of present policies, rules, and leases to determine the extent to which they can prohibit firearms on City property and to implement plans to make such changes. Fogg Decl., Ex. B.

[3] *See* Chan Decl., Ex. A; Kennar Decl., Ex. A; Carter Decl., Ex. A; Peterson Decl., Ex. A; Goedecke Decl., Ex. A (copies of individual plaintiffs' Concealed Pistol Licenses).



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiff Winnie Chan. Ms. Chan is a 36 year-old parole and probation officer for the Washington Department of Corrections. Declaration of Winnie P. Chan ("Chan Decl.") at ¶¶ 2-3. She lives, works, and recreates in Seattle. *Id.* at ¶ 2. Ms. Chan's job requires her to supervise offenders released from incarceration. Because this job has the potential to be very dangerous, she is required to be armed and has received substantial training in all aspects of firearm use. *Id.* at ¶ 3-4.

Ms. Chan sometimes carries a personal firearm when she is off-duty in part because of the likelihood that she will encounter people that she has apprehended in her line of work who may wish to cause her harm. *Id.* at ¶ 6. Ms. Chan's professional experience has taught her that crime can be committed anywhere and by anyone; for that reason, she occasionally carries her lawful firearm in public in order to protect herself. *Id.*

Ms. Chan enjoys walking in Lincoln Park, Discovery Park, and the Alki Beach area. She also occasionally walks and plays tennis at the Hiawatha Community Center. *Id.* at ¶ 7. All of these places are currently (or will soon become) subject to the Firearms Rule. For that reason, Ms. Chan no longer feels that she can protect herself when she visits those locations. *Id.* In fact, City officials recently asked Ms. Chan and plaintiff Robert Kennar to leave the Hiawatha Community Center because they possessed otherwise lawful firearms. *Id.* at ¶ 8. The City did so even though no firearm-banning signage had yet been posted at that center – a blatant violation of the Firearms Rule, which only applies where "appropriate signage has been posted." *Id.*; Fogg Decl., Ex. A at ¶ 4.0.

Plaintiff Robert Kennar. Like Ms. Chan, Mr. Kennar is an armed parole and probation officer for the Washington Department of Corrections. Declaration of Robert Kennar ("Kennar Decl.") at ¶ 4. He works and recreates in Seattle. *Id.* at ¶ 2. Mr. Kennar is a 60 year-old man who has a distinguished record of military service. *Id.* at ¶¶ 2, 5. He served in



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

the United States Army from 1971 until 1973 and the United States Air Force from 1979 until 2009, and he is currently a member of the Washington State Guard. *Id.* at ¶ 5. In conjunction with his extensive military service, as well as his current and past employment, Mr. Kennar has been trained in all aspects of firearms maintenance and use. *Id.* In fact, he is a certified Department of Corrections instructor in safe firearms handling. *Id.* Mr. Kennar is a member of the NRA and the Washington Arms Collectors. *Id.* at ¶ 3.

When Mr. Kennar is off-duty, he always carries his personal firearm when he is lawfully permitted to do so. *Id.* at ¶ 7. Like Ms. Chan, Mr. Kennar is legitimately concerned about being threatened by people that he has encountered through his line of work. *Id.* In addition, as a Department of Corrections employee, Mr. Kennar is familiar with the criminal activity in Seattle and he believes that some Seattle streets and parks are unsafe. *Id.* In fact, he has himself been the victim of crime in Seattle. *Id.* Mr. Kennar frequently visits Seattle parks on his days off, including parks subject to the Firearms Rule: namely, Lincoln Park, the Alki Beach area, the Green Lake area, Volunteer Park, Discovery Park, and Gas Works Park. Because of the Firearms Rule, Mr. Kennar has stopped going to his favorite parks. *Id.* at ¶ 8. In fact, he was recently asked to leave the Hiawatha Community Center because he was carrying an otherwise lawful firearm. The City employee on-site at the Community Center cited the Firearms Rule as his reasoning, despite the fact that no signs had yet been posted. *Id.* at ¶ 9.

Plaintiff Raymond Carter. Mr. Carter is a 44 year-old gay man who is a past co-chair of the Seattle Pride Parade and the founding President of the Seattle Chapter of Pink Pistols/Cease Fear. Declaration of Raymond Carter ("Carter Decl.") at ¶¶ 2, 4. He lives, works, and recreates in Seattle, and is a SAF and NRA member. *Id.* at ¶¶ 2-3. He routinely carries a firearm when he is lawfully permitted to do so because he strongly believes that as



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

an openly gay man, he is more susceptible to becoming a victim of a hate-related crime but, because of health issues, he does not feel that he is physically capable of running away. *Id.* at ¶ 7. Mr. Carter used to regularly go walking in Lincoln Park, the Alki Beach area, and Volunteer Park, and he twice visited the High Point Community Center for public meetings. *Id.* at ¶ 8. However, because those facilities are now subject to the Firearms Rule, he no longer exercises his right to visit them because he does not feel safe there. *Id.*

Recently, Mr. Carter entered the Alki Community Center and informed the employee working there that he was carrying a holstered firearm and that he possessed a valid license to do so. *Id.* at ¶ 9. The City employee instructed him – in writing – that he was required to leave, pursuant to the Firearms Rule. *Id.*

Gray Peterson. Mr. Peterson is a 28 year-old man who describes himself as a "progressive gay liberal." Declaration of Gray Peterson ("Peterson Decl.") at ¶¶ 2, 5. He is also a member of the NRA who, like Mr. Carter, always carries a firearm when he is lawfully permitted to do so in order to protect himself from hate crimes. *Id.* at ¶ 8. Mr. Peterson is often credited for leading the charge to educate Washington law enforcement agencies about the legality of openly carrying a firearm. *Id.* at ¶ 4.

Mr. Peterson visits Seattle parks with his domestic partner. *Id.* at ¶ 9. These parks include Volunteer Park, Cal Anderson Park, and the Green Lake area, all of which are currently (or will eventually be) subject to the Firearms Rule. Mr. Peterson has not been willing to visit these parks since the Firearms Rule went into effect because he does not feel safe there. *Id.*

Gary Goedecke. Mr. Goedecke is a 63 year-old Bothell resident. Declaration of Gary Goedecke ("Goedecke Decl.") at ¶ 2. He owns a 35 year-old business at Pike Place Market in downtown Seattle. He has served the City of Seattle's chartered public corporation known as



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

the Pike Place Market Preservation and Development Authority, and its related entities, in a variety of leadership capacities since 1974. *Id.* at ¶ 4. He is a veteran who is trained in the use of Nike Hercules missiles and air defense artillery automatic weapons, and he earned a Viet Nam Commendation medal, a Viet Nam Service medal, and a Bronze Star medal for meritorious service during the Viet Nam war. *Id.* at ¶ 6.

Mr. Goedecke always carries a firearm when he is lawfully permitted to do so in order to protect himself, his wife, and his employees. He is particularly likely to carry his firearm when he is at his place of business due to the level of dangerous criminal activity in downtown Seattle. *Id.* at ¶ 7. In addition, Pike Place Market is directly adjacent to Victor Steinbrueck Park, which Mr. Goedecke passes through regularly and believes to be an area of significant criminal activity. *Id.* at ¶¶ 7-8. He also regularly visits the Alki Beach area and the Green Lake area. *Id.* at ¶ 8. A Seattle Police officer recently told Mr. Goedecke that due to the new Firearms Rule, Mr. Goedecke could not cross the street into Victor Steinbrueck Park because he was carrying an otherwise lawful firearm. *Id.* at ¶ 9.

## III. STATEMENT OF ISSUES

Are the plaintiffs, current holders of lawful Washington Concealed Pistol Licenses and organizations whose members are so licensed, entitled to a judgment declaring the Firearms Rule null and void, enjoining the enforcement of that rule, and requiring the City to remove all gun ban signage posted under the rule where the City enacted the rule despite clear legal authority that such regulation is unlawful under state law?

## IV. EVIDENCE RELIED UPON

This motion for summary judgment is based upon the evidence and authorities cited herein, and the Declarations of Steven Fogg, Winnie Chan, Robert Kennar, Raymond Carter, Gray Peterson, Gary Goedecke, David Workman, Leland Bull, and Christopher Cox.



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## V. ARGUMENT AND AUTHORITY

Summary judgment in the moving party's favor is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Where a trial court is faced with questions of a purely legal nature, it is proper to decide the case on summary judgment. *Kinnear v. The Hertz Corp.*, 86 Wn.2d 407, 418 (1976). The issues presented by this case pertain to statutory authority and constitutional limitations, and are therefore issues of law to be determined by this Court. *Okeson v. Seattle*, 150 Wn.2d 540, 549 (2003).

### A. The Firearms Rule violates clearly established state law.

The possession of a firearm is a clearly protected right under the United States and Washington Constitutions. U.S. CONST. amend. II; *District of Columbia v. Heller*, 128 S.Ct. 2783, 2797 (2008); WASH. CONST. art. I, § 24. Indeed, our state Constitution explicitly states that "[t]he right of the individual citizen to bear arms in defense of himself, or the state, shall not be impaired[.]" WASH. CONST. art. I, § 24.

In furtherance of this clear policy, the Washington legislature has created a comprehensive statutory scheme which aims to protect the citizen's right to bear arms while simultaneously protecting the public's safety from firearm-related dangers. *See* RCW 9.41.010-9.41.810, 70.108.150. Under this statutory scheme, an adult who meets certain criteria may obtain a Concealed Pistol License which entitles him/her to carry a concealed firearm in public locations with limited exceptions such as jails, courtrooms, public mental health facilities, bars, airports, schools, and outdoor music festivals. *Id.* In addition, persons may openly carry lawful firearms in places where firearm possession is otherwise legal if they do so in a manner that does not manifest an intent to intimidate or warrant alarm. RCW 9.41.270.



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

In addressing the interests of firearm possession and public safety, the Washington legislature made it abundantly clear that the authority to regulate firearms rests exclusively with the state:

> The state of Washington hereby **fully occupies and preempts the entire field of firearms regulation within the boundaries of the state,** including the . . . possession . . . of firearms, or any other element relating to firearms or parts thereof[.] **Cities, towns, and counties or other municipalities may enact only those laws and ordinances relating to firearms that are specifically authorized by state law, as in RCW 9.41.300, and are consistent with this chapter**. [. . .] Local laws and ordinances that are inconsistent with, more restrictive than, or exceed the requirements of state law **shall not be enacted and are preempted and repealed** [. . .].

RCW 9.41.290 ("Preemption Clause") (emphasis added).[4] This Preemption Clause "was enacted to reform that situation in which counties, cities, and towns could each enact conflicting local criminal codes regulating the general public's possession of firearms" and aims to "creat[e] statewide uniformity of firearms regulation of the general public." *Cherry v. Mun. of Metro. Seattle*, 116 Wn.2d 794, 801-02 (1991); *see also Rabon v. Seattle*, 135 Wn.2d 278, 289 (1998) ("Preemption may be found where there is express legislative intent to preempt the field or such intent appears by necessary implication"); *Shoreline v. Club for Free Speech*, 109 Wn. App. 696, 703 (2001) ("when statutory language is clear and unequivocal, courts must assume the legislature meant exactly what it said and apply the statute as written") (internal quotation omitted).

Because the state of Washington has preempted the field of firearms regulation, a municipality may not regulate the lawful possession of firearms on its property when that property is being used by the general public for a public purpose. *Pac. Northwest Shooting*

---

[4] While the Preemption Clause provides that municipalities may regulate firearms to the extent specifically authorized by state law, no state law allows a municipality to ban the possession of otherwise lawfully possessed firearms from city parks property during public use of that property.



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 357 (2006).[5] The City is well aware of the Preemption Clause and the limits it imposes on local actions to regulate firearms. In May 2006, for instance, then-Mayor Nickels wrote a letter to Speaker of the House Frank Chopp in which he urged Representative Chopp to work toward adopting reasonable gun regulations. Fogg Decl., Ex. D. In that letter, Mayor Nickels discussed the problem of gun violence in Seattle, then admitted:

> We cannot accomplish anything without your personal leadership in Olympia. **State law preempts any and all local regulations related to firearms. Our hands are tied at the local level and we are unable to adopt any local laws to protect our residents from gun crime.**

*Id.* at 2 (emphasis added).[6]

Indeed, Attorney General Rob McKenna unequivocally reinforced this conclusion in an Opinion issued shortly after Mayor Nickels directed all Seattle departments to assess and implement plans to prohibit firearms on City property in 2008. *See* Fogg Decl., Exs. B, E. In responding to the question, "Does a city in Washington have the authority to enact a local law that prohibits possession of firearms on city property or in city-owned facilities?", McKenna wrote:

> The answer to your question is no. RCW 9.41.290 "fully occupies and preempts the entire field of firearms regulation" and preempts a city's authority to adopt firearms law or regulations of application to the general public, unless specifically authorized

---

[5] The City may erroneously argue that *Pac. Northwest Shooting Park Ass'n v. City of Sequim* validates the Firearms Rule because it holds that a city, acting in its proprietary capacity, may regulate firearms in the same way that a private property owner may. 158 Wn.2d at 357. But this is only true if the regulations pertain to the *private* use of city-owned property and are not "laws or regulations of application to the general public." *Id.* Indeed, Attorney General McKenna expressly stated that the *City of Sequim* case does *not* support the proposition "that cities may prohibit the general public from possessing firearms on city property." Fogg Decl., Ex. E at 4.

[6] There may, in fact, be other instances where city officials acknowledged the limits imposed by the Preemption Clause. However, as of the date of this motion, the City had not yet responded to plaintiffs' discovery requests seeking such information. Plaintiffs therefore reserve the right to supplement this motion at a later date, if necessary.



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

> by state law. Accordingly, RCW 9.41.290 preempts a city's authority to enact local laws that prohibit possession of firearms on city property or in city-owned facilities.

Fogg Decl., Ex. E at 1. McKenna went on to state that a city cannot regulate firearm possession under the guise of property ownership because "[l]arge parts of city property are generally open to the public." *Id.* at 4.

The City's Firearms Rule unquestionably violates state law. The ability to regulate the possession of firearms in public parks and recreational facilities, during the public use of those facilities, lies within the exclusive province of the State. Statutes and case law are clear, as is the Attorney General's Opinion.[7] The Firearms Rule is unlawful and unconstitutional in its entirety. *See* WASH. CONST. art. XI, § 11 ("Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws"); *Rabon*, 135 Wn.2d at 287 ("an ordinance is unconstitutional if a state enactment preempts the field, leaving no room for concurrent jurisdiction, or if a conflict exists between the ordinance and a statute which cannot be harmonized").

**B. <u>Declaratory relief is appropriate here.</u>**

A person may ask a court to determine the validity of an ordinance, and obtain a declaration of rights under that ordinance, if his/her "rights, status or other legal relations are affected by" that rule. RCW 7.24.020. Such declaratory relief is "peculiarly well suited to the judicial determination of controversies concerning constitutional rights and [. . .] the constitutionality of legislative action or inaction." *Seattle Sch. Dist. v. State*, 90 Wn.2d 476, 490 (1978). Courts typically will not issue declaratory judgments, however, in the absence of a justiciable controversy. *To-Ro Trade Shows v. Grant Collins*, 144 Wn.2d 403, 411 (2001).

---

[7] Attorney General Opinions are entitled to great weight by this Court. *Belas v. Kiga*, 135 Wn.2d 913, 928 (1998).



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

A justiciable controversy exists where there is: (1) an actual, present, and existing dispute, as opposed to a dispute that is possible, hypothetical, moot, or speculative, (2) between parties that have genuine and opposing interests, (3) which involves direct and substantial interests as opposed to potential, theoretical, or abstract interests, and (4) a judicial determination of which will conclusively terminate the controversy. *Id.*; RCW 7.24.060.

The present case involves a justiciable controversy. First, an actual dispute currently exists: the City is prohibiting the general public from carrying otherwise lawful firearms onto hundreds of designated parks and recreational facilities despite State preemption, and all but one of the individual plaintiffs have been told to leave city parks and recreation property because they were lawfully carrying a firearm. *See* Chan Decl. at ¶ 8; Kennar Decl. at ¶ 9; Carter Decl. at ¶ 9; Goedecke Decl. at ¶ 9. There is nothing hypothetical, moot, or speculative about this dispute. Second, the parties have genuine and opposing interests. The individual plaintiffs, on one hand, possess Concealed Pistol Licenses and wish to exercise their constitutional and statutory rights to carry their lawful firearms while recreating and engaging in their constitutional right to peacefully assemble on public property.[8] *See* Chan Decl. at ¶¶ 5-7; Kennar Decl. at ¶¶ 6-8; Carter Decl. at ¶¶ 5, 7-8; Peterson Decl. at ¶¶ 6, 8-9; Goedecke Decl. at ¶¶ 5, 7-8. The City, on the other hand, has justified banning lawful firearms in parks and recreation facilities by citing to its responsibility to protect children. Fogg Decl., Ex. A at

[8] The organizational plaintiffs have members in Washington with these same interests, and the organizational plaintiffs' central purposes focus on their members' right to possess firearms. Declaration of David P. Workman at ¶¶ 2-7 (representing plaintiffs SAF and Citizens Committee); Declaration of Christopher W. Cox at ¶¶ 2-4 (representing plaintiff NRA); Declaration of Leland L. Bull, Jr. at ¶¶ 2-4 (representing plaintiff WAC). *See Am. Legion Post No. 149 v. Dep't of Health*, 164 Wn.2d 570, 595 (2008) (an organization may have standing in a representative capacity where their members would have standing to sue in their own right, where the interests they seek to protect are germane to its purpose, and where the claims and requested relief does not require the participation of individual members).



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

¶ 1.0. The interest in bearing arms for self-protection and the interest in regulating firearms possession are both genuine and potentially competing.

Third, plaintiffs' interests in exercising their constitutional and statutory rights while recreating and assembling are direct and substantial. As it currently stands, the individual plaintiffs (and the organizational plaintiffs' members) cannot visit their favorite city parks and community meeting centers while simultaneously carrying their otherwise lawful firearms – a right protected by the United States and Washington Constitutions and by Washington statute – without violating a City rule and risking the humiliation of being asked to leave (or of being arrested for trespass if they fail to comply). And finally, a judicial determination of plaintiffs' rights will indeed terminate this controversy as it would conclusively establish that the City's Firearms Rule was an unlawful attempt to bypass the State's exclusive authority to regulate firearms possession.

In sum, the four elements of a justiciable controversy are present and are indisputable. No genuine issue of fact is present and the statutory and case law plainly demonstrate that the City's Firearms Rule violates state statutory and constitutional law. Plaintiffs are entitled to a declaration that the City's Firearms Rule is unlawful and unenforceable in its entirety.

The declaratory relief plaintiffs seek from this court is not unusual or extraordinary. A review of the relevant case law demonstrates that courts do not hesitate to grant declaratory relief on summary judgment where municipal regulations conflict with state law. For example, a city ordinance requiring a telephone franchisee to move underground lines at its own expense was declared null and void where a state regulation essentially required the relocation of lines to be paid for by the party requesting it. *See Gen. Tel. Co. of the N.W., Inc. v. City of Redmond*, 105 Wn.2d 579, 587 (1986) (affirming trial court's decision to grant declaratory relief on summary judgment). And where state law provided that property



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

development rights vest at the time a developer files a legally sufficient permit or plat application, a county ordinance stating otherwise was preempted and therefore declared invalid. *Adams v. Thurston County*, 70 Wn. App. 471, 482 (1993) (affirming trial court's decision to grant declaratory relief on summary judgment). Declaratory relief is appropriate here.

### C. <u>**Injunctive relief is also appropriate here.**</u>

A declaration from this Court that the Firearms Rule is unlawful will go a long way toward restoring plaintiffs' clear legal rights. The plaintiffs will not receive complete relief, however, until the City is required to remove all signage posted pursuant to the Firearms Rule and is permanently enjoined from enforcing the Firearms Rule in any way. Such injunctive relief is appropriate where: (1) the plaintiffs have a clear legal or equitable right, (2) the plaintiffs have a well-grounded fear of the immediate invasion of that right, and (3) the acts complained of are resulting, or will result, in actual and substantial injury to the plaintiffs. *Wash. Fed'n of State Employees v. State*, 99 Wn.2d 878, 887-88 (1983).

Here, there is no question that the individual plaintiffs have a clear legal right to carry their lawful firearms in areas where state law permits them to do so. *See* WASH. CONST. art. I, § 24; RCW 9.41.010-9.41.810, 70.108.150. And because the City's Firearms Rule clearly prohibits plaintiffs from exercising this right, there is no question that plaintiffs have a well-grounded fear of the immediate invasion of that right. And finally, the plaintiffs have been injured in that they have been prohibited from entering public property despite the fact that they are acting in accordance with state law. *See* Chan Decl. at ¶ 8; Kennar Decl. at ¶ 9; Carter Decl. at ¶ 9; Peterson Decl. at ¶ 9; Goedecke Decl. at ¶ 9.[9]

---

[9] Nor will money damages do anything to make the plaintiffs whole. *See Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209 (2000) (injunctive relief will not be granted where a plaintiff has an adequate remedy at law). No monetary award would restore a taxpaying citizen's right to enter public property for public use while exercising a constitutional and statutory right.



CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

The Firearms Rule clearly conflicts with a general state law, is unconstitutional on that basis, and injunctive relief is required to remedy the injuries it has caused. It is well within this Court's ability to grant this relief. For example, where a Seattle ordinance regarding historic landmarks conflicted with a state statute expressly permitting the University of Washington to alter and demolish certain University-owned property, the ordinance was declared unconstitutional as applied and both injunctive and declaratory relief were granted. *State v. City of Seattle*, 94 Wn.2d 162, 166-67 (1980) (affirming trial court's decision to grant injunctive and declaratory relief on summary judgment). Similarly, the City's rule here is preempted, is unconstitutional, and requires injunctive relief.

## VI. CONCLUSION

The legislature has unmistakably stated that it fully occupies and preempts the field of firearms regulation. Accordingly, if guns are to be banned in city parks, it is for the legislature – not the defendants – to decide. Instead of accepting this basic legal principle, defendants have illegally taken the law into their own hands by enacting and enforcing a Firearms Rule that ignores state law and violates the rights of Washington citizens like the individual plaintiffs. This Court should restore order by granting plaintiffs' motion for summary judgment. A proposed order is attached.

DATED this 15th day of January, 2010.

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

Steven W. Fogg, WSBA No. 23528
Molly A. Malouf, WSBA No. 31972
Attorneys for Plaintiffs



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900