THE HONORABLE CATHERINE SHAFFER
Noted: Friday, February 12, 2010, 2:00 p.m.
(With Oral Argument)

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

WINNIE CHAN, et al.,

                Plaintiffs,

v.

CITY OF SEATTLE, et al.,

                Defendants.

No. 09-2-39574-8 SEA

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

The law could not be clearer: "The state of Washington hereby fully occupies and preempts the entire field of firearms regulation within the boundaries of the state[.]" RCW 9.41.290. In attempting to evade this plain mandate, the City misconstrues the relevant law, draws distinctions that make no difference, raises questionable policy arguments that are better left for the legislature, and makes baseless and irrelevant claims in order to call the veracity and motives of the individual plaintiffs into question. Take away the red herrings and what remains are three simple legal arguments, none of which has any merit.[1]

**1. The City's right to manage its property does not apply where there is state preemption.**

The City obviously has the general power to issue rules to manage its property, but that power does not overcome the principle of preemption or make the Firearms Rule legal. Not one of the cases cited by the City (Opp. at 5-6) involves a city's attempt to regulate the use of its property in a way that was preempted by state law; indeed, none of the City's cases even mentions the word preemption. *See State ex rel. Tubbs v. City of Spokane*, 53 Wn.2d 35, 39 (1958) (city could not be compelled to rent stadium to hockey promoters because "[a]mong a proprietor's elementary rights, **in the absence of any legislative or contractual prohibition**, is the right to rent his property or not, as he chooses") (emphasis added); *State v. Morgan*, 78 Wn. App. 208, 211 (1995) (no probable cause for trespass arrest); *State v. Blair*, 65 Wn. App. 64, 67-68 (1992) (city could restrict access to city-owned housing where housing is not for the general public).

Second, the Supreme Court case on which the City appears to implicitly rely does not support the City's position. In *Pac. N.W. Shooting Park Ass'n v. City of Sequim* ("*Sequim*"), the Court stated – in *dicta* – that preemption does not prohibit the city from imposing contractual conditions on the sale of firearms on city property in order to protect its property interests, as long

---

[1] The City's purported cross-motion for summary judgment, filed in conjunction with its opposition, was not properly noted or scheduled in accordance with court rules. *See* CR 56(c); KCLCR 7(b)(5)(A). Therefore, if the City attempts to file a reply brief, the plaintiffs will move to strike.

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

as those conditions relate to the private use of city property. 158 Wn.2d 342, 357 (2006). "**The critical point is that the conditions the city imposed related to a permit for private use of its property. They were not laws or regulations of application to the general public.**" *Id.* (emphasis added). In contrast, the Firearms Rule is a regulation that applies across-the-board to the public use of City property. It is therefore a regulation of application to the general public – as opposed to a contractual condition imposed on private party gun sales on city property – and the City's role as a property owner cannot be used as a blanket exception to preemption.[2] *Id.* Indeed, Attorney General Rob McKenna reached the same conclusion.[3] Fogg Decl., Ex. E at 4 (while private citizens are not preempted from prohibiting firearms on their property, "a city is not in the same position as a private citizen. Large parts of city property are generally open to the public").

2. **The Preemption Clause does not exclude "rules" or "policies" from its reach.**

The City's argument that the Firearms Rule is not preempted because the Preemption Clause applies only to "laws and ordinances" rather than "rules" or "policies" (Opp. at 7-9) was considered and rejected by McKenna, who concluded that "the manner in which the prohibition might be imposed" is inconsequential to the preemption analysis.[4] Fogg Decl., Ex. E at 5 n.2. The first sentence of the Preemption Clause is dispositive: "The state of Washington hereby **fully occupies and preempts the entire field of firearms regulation within the boundaries of the**

---

[2] Rather than addressing head-on the clear holding of *Sequim*, the City appears to re-interpret the case as standing for the proposition that a regulation must be of "general application throughout the entire city" to be preempted. Opp. at 2, 11 n.4. There is no legal basis for this interpretation.

[3] The City dismisses McKenna's Opinion as a non-binding opinion of an elected official. Opp. at 3, 10-11. In doing so, it ignores the clear rule that Attorney General Opinions are persuasive and entitled to great weight by this Court. *See, e.g., Branson v. Port of Seattle*, 152 Wn.2d 862, 884-85 (2004); *Thurston County v. City of Olympia*, 151 Wn.2d 171, 177 (2004). Here, McKenna's Opinion provides a thorough review and analysis of the law and should be carefully considered.

[4] The Supreme Court also declined to follow this reasoning on two previous occasions. *See Sequim*, 158 Wn.2d at 353-57 (city argued that preemption applied only to formal laws and ordinances; Court declined to so hold and decided the case on alternate grounds); *Cherry v. Municipality of Metro. Seattle*, 116 Wn.2d 794, 800-01 (1991) (city invited the Court to hold that only formal laws and ordinances were preempted but Court declined and instead explained that the "laws and ordinances" language refers to "laws of application to the general public, not internal rules for employee conduct").

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

state[.]" RCW 9.41.290 (emphasis added). This unequivocal expression of preemption applies to "the **entire field** of firearms regulation[,]" not just laws and ordinances. The second sentence, on which the City relies, enables municipalities to enact a very narrow range of firearms regulation **despite** state preemption – it does not, conversely, reduce the scope of the state's preemption by allowing municipalities to adopt rules or policies.

If this Court were to read the Preemption Clause as the City urges, it would permit a municipality to regulate firearms to its heart's content as long as it did so under the guise of a "rule" or "policy." This cannot be what the legislature intended, as such an interpretation would render the Clause's first sentence completely meaningless. *See City of Seattle v. Winebrenner*, 167 Wn.2d 451, 464 (2009) (a court cannot interpret a statute in such a way that would render portions of its language meaningless). In fact, the Clause's history makes abundantly clear the legislature's determination to keep the universe of firearms regulation within its exclusive reach. The legislature first attempted to preempt firearms regulation in 1983. *See* Laws of 1983, ch. 232, § 12. Because the legislature did not explicitly express its intent to preempt the entire field of firearms regulation, the statute was deemed as preempting only **inconsistent** local firearm laws. *See id.*; *Second Amendment Found. v. City of Renton*, 35 Wn. App. 583, 588 n.3 (1983). To solve this problem, the legislature amended the statute in 1985, and again in 1994, adding the words "fully occupies and preempts the entire field[.]" *See* Laws of 1985, ch. 428, § 1; Laws of 1994, 1st Sp. Sess., ch. 7, § 428. Both the 1985 and 1994 legislation followed court decisions limiting the preemptive effect of RCW 9.41.290 and 9.41.300. In other words, when courts limited the Clause's preemptive reach, the legislature responded by amending the statute with stronger preemption language. To interpret the Preemption Clause as the City now urges would be to completely ignore clear legislative directives to the contrary.[5]

---

[5] This Court should not be distracted by the City's citation to other preemption statutes. Opp. at 8. Those statutes do not contain pronouncements of state preemption nearly as broad and sweeping as the

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

### 3. The Firearms Rule *does* include criminal penalties.

The City's argument that the Firearms Rule is not a criminal regulation (Opp. at 9) is, quite simply, wrong. The sanction for refusing to leave a parks facility is citation or arrest for **criminal trespass**. Fogg Decl., Ex. C at 1; Malouf Decl., Ex. A. In fact, City officials have informed Parks Department employees that, in enforcing the Rule, they should call the police if the person refuses to leave. Malouf Decl., Exs. B & C. This certainly constitutes "criminal firearms regulation" falling within the preemption statute's reach. *See Cherry*, 116 Wn.2d at 801 (preemption seeks to "advance uniformity in criminal firearms regulation").[6] The Attorney General agrees. *See* Fogg Decl., Ex. E at 6 ("Allowing a city to use criminal trespass to enforce a ban on firearms allows conflicting criminal codes regulating the general public's possession of firearms").[7]

### 4. An injunction is appropriate and necessary to enforce declaratory relief.

"[T]he combining of declaratory and coercive relief is proper and even common" where, as here, a municipality is engaging in abusive practices that violate state law. *See Ronken v. Bd. of County Comm'rs of Snohomish County*, 89 Wn.2d 304, 311-12 (1977); *see also* RCW 7.24.080. Yet in arguing against injunctive relief, the City not only raises irrelevant and inaccurate accusations against the individual plaintiffs, it also applies an incorrect standard. *See Wash. Fed'n*

---

Preemption Clause at issue here. Moreover, language used in one statute has no bearing on the interpretation of language used in unrelated statutes. *See, e.g., HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 454 (2009); *Int'l Ass'n of Fire Fighters v. City of Everett*, 146 Wn.2d 29, 39-40 (2002). In any event, the statutes cited by the City involve areas of law heavily regulated by various agencies and therefore inclusion of the term "rule" was more obviously necessary. *See* RCW 80.50.110 (regarding selection and utilization of energy facility sites and environmental impacts resulting from such sites); RCW 9.94A.8445(1) (regarding residency restrictions for sex offenders and referring in part to "local agencies"); RCW 19.190.110 (regarding the regulation of commercial e-mail and referring in part to "local agenc[ies]"); RCW 46.61.667(5) (regarding traffic laws, specifically regulation of use of cell phones while driving).

[6] *Cherry* does not save the Firearms Rule from state preemption. 116 Wn.2d at 801-02 (Preemption Clause does not "prohibit reasonable work rules regarding possession of weapons in the public workplace" because it preempts "laws of application to the general public, not internal rules for employee conduct").

[7] It is unclear whether the policy challenged in *Estes v. Vashon Maury Island Fire Prot. Dist. No. 13* included criminal trespass as its enforcement mechanism. *See* Keenan Decl., Ex. B. In any event, there is certainly a substantial difference between regulating firearms in parks versus fire stations, as the latter were not created for the purpose of providing recreational and gathering opportunities to the public.

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 4

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*of State Employees v. State*, 99 Wn.2d 878, 887-88 (1983) (injunction is appropriate where plaintiff has clear legal or equitable right and well-grounded fear of immediate invasion of that right, and where act complained of is resulting, or will result, in actual and substantial injury). Here, the individual plaintiffs have the clear legal right to carry a firearm anywhere the state has not expressly prohibited.[8] *See* RCW 9.41.290. Further, the individual plaintiffs have obvious reason to fear the immediate invasion of that right, as the City has already posted firearms-banning signage. Friedli Decl. at ¶ 4. Finally, most of the individual plaintiffs have been told by parks officials that they may not enter parks premises. *See* Motion at 7-10, 17. The City's exaggerated argument that the plaintiffs' injuries are disingenuous not only thoroughly mischaracterizes their testimony but also misses the point: these law-abiding citizens should be free to use public recreation facilities without having to carefully tip-toe to avoid areas with posted signage.

The City's policy arguments are inappropriate in these proceedings and should have no bearing.[9] Such arguments are better directed toward the state legislature, which is the only body that can control this issue. *See, e.g., Wash. State Labor Council v. Reed*, 149 Wn.2d 48, 64 (2003) ("Courts do not have the authority to legislate, only to construe existing law"). Not only does that explain Mayor Nickels' statement to Representative Chopp that his "hands are tied" at the local level, *see* Nickels Decl. at ¶¶ 4 & 6, but it also explains why Seattle City Councilmember Richard McIver stated, in an e-mail to the Alki Community Council, "While I would support a gun ban in city parks, I think you really need to direct your lobbying to members of the State Legislature who do have the power to address this issue." Malouf Decl., Ex. E at 2.

For the reasons stated above, plaintiffs' motion for summary judgment should be granted.

---

[8] The City's argument that the Preemption Clause does not confer a private right of action is nonsensical: if that were the case, no one would ever be able to challenge a firearms regulation that violates preemption – a result that clearly runs contrary to the case law.

[9] For obvious reasons, the City omitted the fact that an overwhelming majority (**96%**) of the people commenting on the proposed gun ban **opposed** such a ban. Malouf Decl., Ex. D.

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 5

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 8th day of February, 2010.

          CORR CRONIN MICHELSON
          BAUMGARDNER & PREECE LLP

          */s/ Steven W. Fogg*
          Steven W. Fogg, WSBA No. 23528
          Molly A. Malouf, WSBA No. 31972
          Attorneys for Plaintiffs

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 6

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900