The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT C. WARDEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GREGORY J. NICKELS and CITY OF SEATTLE,<br><br>　　　　Defendants. | Case No. 2:09-CV-01686-MJP<br><br>**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF CONCERNING *CHAN v. CITY OF SEATTLE* AND *STATE v. SIEYES***<br><br>**NOTED FOR CONSIDERATION:**<br>February 26, 2010 |

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington 98104-7097
(206)839-4300

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................... 2

    A. Proceedings in *Chan v. City of Seattle*. ................................................... 2

        1. The *Chan* Plaintiffs' Complaint ................................................... 2

        2. The *Chan* Plaintiffs' Motion for Summary Judgment ................ 2

        3. The Superior Court's Order Granting the *Chan* Plaintiffs' Motion for Summary Judgment ................................................... 4

    B. The Holding in *Sieyes* ............................................................................. 5

III. AUTHORITY AND ARGUMENT ...................................................................... 6

    A. Federal Courts Owe No Deference to State Courts on Federal Statutory and Constitutional Issues ........................................................... 6

    B. Federal Courts are Not Bound by State Trial Court Decisions on Matters of State Law .................................................................................. 8

    C. *Sieyes* Did Not Define the Right Set Forth in Art. I, § 24 of the Washington Constitution, but Reaffirmed That the Right Is Subject to Regulation. ................................................................................................. 9

IV. CONCLUSION ................................................................................................... 10

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

i

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington 98104-7097
(206)839-4300

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Associated Gen. Contractors of Cal. v. San Francisco Unified Sch. Dist.*,
    616 F.2d 1381 (9th Cir. 1980) .................................................................................. 8

*Bittaker v. Enomoto*,
    587 F.2d 400 (9th Cir. 1978) ..................................................................................... 7

*Burns v. Mukasey*,
    No. CIV S-09-0497, 2009 WL 3756489 (E.D. Cal. Nov. 6, 2009) ........................... 7

*District of Columbia v. Heller*,
    __ U.S. __, 128 S. Ct. 2783 (2008),
    *aff'd sub nom. Parker v. District of Columbia*, 128 S. Ct. 2994 (2008) ............... 1, 5, 6, 7

*Fresno Rifle & Pistol Club, Inc. v. Van De Kamp*,
    965 F.2d 723 (9th Cir. 1992) ..................................................................................... 7

*Gaines v. Haughton*,
    645 F.2d 761 (9th Cir. 1981) ..................................................................................... 8

*Indus. Consultants, Inc. v. H. S. Equities, Inc.*,
    646 F.2d 746 (2d Cir. 1981) .................................................................................. 6, 7

*Ins. Co. of N. Am. v. Thompson*,
    381 F.2d 677 (9th Cir. 1967) .................................................................................. 8, 9

*Oxborrow v. Eikenberry*,
    877 F.2d 1395 (9th Cir. 1989) ................................................................................... 8

*Pauk v. Bd. of Trustees of City Univ. of N.Y.*,
    654 F.2d 856 (2d Cir. 1981) ...................................................................................... 7

*Reynolds v. Borg*,
    21 F.3d 1115 (9th Cir. 1994) ..................................................................................... 8

*TMJ Implants, Inc. v. Aetna, Inc.*,
    498 F.3d 1175 (10th Cir. 2007) ................................................................................. 6

**STATE CASES**

*State v. Sieyes*,
    __ P.3d __, 2010 WL 548385 (2010) ............................................................... *passim*

*Chan v. City of Seattle*,
    King County Superior Court No. 09-2-39574-8 ....................................................... 1

**STATE AUTHORITIES**

RCW 9.41.101-.810 ............................................................................................................ 3

RCW 70.108.150 ................................................................................................................. 3

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

ii

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington  98104-7097
(206)839-4300

RCW 9.41.290 ................................................................................................................. 2, 3, 4, 5

Wash. Const. art. I, § 24 .................................................................................................. 3, 4, 6, 9

CR 7(d)(1) .............................................................................................................................. 1

**FEDERAL RULES**

Circuit Rule 36-3(c) ................................................................................................................ 8

UNOPPOSED MOTION FOR LEAVE TO  
FILE SUPPLEMENTAL BRIEF  
CASE NO. 2:09-CV-01686-MJP

iii

Orrick Herrington & Sutcliffe LLP  
701 Fifth Avenue Suite 5600  
Seattle, Washington 98104-7097  
(206)839-4300

## I. INTRODUCTION

By email dated February 22, 2010, the Court asked the parties to address the effect of the superior court's order in *Chan v. City of Seattle*, King County Superior Court No. 09-2-39574-8 SEA ("*Chan*"), on the motions currently pending in this case. In another email dated February 22, 2010, Plaintiff notified the Court that he intended to rely upon the Washington Supreme Court's recent ruling in *State v. Sieyes*, __ P.3d __, 2010 WL 548385 (Feb. 18, 2010) during oral argument on March 2, 2010. Because additional materials, including the complaint, the briefing on summary judgment, and the transcript of hearing are necessary to place the superior court's ruling in *Chan* in context and to answer the Court's question, and because Plaintiff will now rely in part on the holding in *Sieyes*, Defendants seek leave to submit this supplemental brief, pursuant to local rule CR 7(d)(1), in support of their motion to dismiss (Dkt. No. 10), and their opposition to Plaintiff's motion for preliminary injunction (Dkt. No. 14). Defendants have discussed this motion with Plaintiff and he does not oppose it.

As explained more fully below, the superior court presiding over *Chan* purported to decide constitutional issues that were neither presented for decision, nor briefed by the parties for decision. Although the superior court's written order on summary judgment concludes that the *Chan* plaintiffs had clear legal rights to carry firearms under federal and state constitutional law, the court qualified its ruling by explaining that the rights existed "in all likelihood." This equivocation is consistent with the reasoning expressed in the superior court's oral ruling, as discussed in more detail below, because the superior court relied on the decision in *District of Columbia v. Heller*, __ U.S. __, 128 S. Ct. 2783 (2008), *aff'd sub nom. Parker v. District of Columbia*, 128 S. Ct. 2994 (2008).

More importantly, however, it is the federal district court, not a state trial court, that is charged with initial responsibility for determining the scope and effect of the Second Amendment here. In consequence, neither the decision in *Chan*, nor the subsequent opinion by the Washington Supreme Court in *Sieyes* holding that the Second Amendment was incorporated by the Fourteenth Amendment to apply to the states, is precedent. This Court should decide the federal constitutional issues presented based on its application of binding Ninth Circuit law.

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

1

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5700
Seattle, Washington 98104-7097
(206)839-4300

As to the issues under the Washington Constitution, *Sieyes* did not disturb Washington Supreme Court precedent concerning the individual right to bear arms under the Washington Constitution. Instead, it recognized that the right is not unlimited when it affirmed the conviction of the appellant for unlawful possession of firearms by a minor. The holding of a state trial court in *Chan* is not the holding of the highest court, and therefore is not binding on this Court. In consequence, this Court should decide the issues raised under the Washington Constitution by following the Washington Supreme Court precedent previously cited by Defendants.

## II.     BACKGROUND

### A.     Proceedings in *Chan v. City of Seattle*

#### 1.     The *Chan* Plaintiffs' Complaint

On October 28, 2009, several plaintiffs sued the City of Seattle, the Mayor, and the Superintendent of Parks and Recreation in superior court in King County. Declaration of David S. Keenan in Support of Defendants' Unopposed Motion for Leave to File Supplemental Brief ("Keenan Decl.") Ex. A. Their complaint alleged two claims—one for declaratory relief, and one for injunctive relief. *Id.* ¶¶ 30-36. As plaintiffs' description of the "Nature of the Case" in the complaint makes clear, plaintiffs' allegations and claims are heavily focused on the question whether RCW 9.41.290 preempts the City of Seattle from enacting its Parks Policy concerning firearms. *Id.* at 2.

Although the complaint references "Plaintiffs' constitutional and statutory rights to carry a firearm," *e.g.*, *id.* ¶¶ 31 & 35, the *Chan* plaintiffs did not allege any violation of, let alone specifically mention the Second Amendment to the United States Constitution. The complaint makes a single oblique reference to the Washington Constitution when it prays for a judicial declaration that "the Firearms Rule violates *Washington* statutory and constitutional law." *Id.* ¶ 32(a) (emphasis added).

#### 2.     The *Chan* Plaintiffs' Motion for Summary Judgment

The plaintiffs in *Chan* moved for summary judgment on a single preemption argument: "Because the State of Washington has preempted the field of firearms regulation, a municipality

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

2

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington 98104-7097
(206)839-4300

may not regulate the lawful possession of firearms on its property when that property is being used by the general public for a public purpose." Keenan Decl. Ex. B at 12.[1]

In contrast to their extended briefing about the scope and preclusive effect of the Preemption Statute, the *Chan* plaintiffs made no argument for relief based on any federal constitutional right to carry firearms. Indeed, in the entire motion, the *Chan* plaintiffs' only reference to federal constitutional rights was their blanket assertion that carrying firearms is "a right protected by the United States and Washington Constitutions and by Washington statute." Keenan Decl. Ex. B at 16. In requesting issuance of an injunction, the *Chan* plaintiffs referred to a "clear legal right to carry their lawful firearm," but cited only Wash. Const. art. I, § 24 and RCW 9.41.101-.810, 70.108.150. Keenan Decl. Ex. B at 17. The *Chan* plaintiffs did not cite to the Second Amendment. Moreover, although they alluded to a right under the *Washington* Constitution, the *Chan* plaintiffs cited no precedent or other authority to define or apply their constitutional rights. This is not the least bit surprising, however, because the *Chan* plaintiffs' motion for summary judgment on its claim for declaratory relief was premised entirely on the Washington preemption statute, RCW 9.41.290. *See id.* at 1-18.

In its opposition to the *Chan* plaintiffs' motion, the City observed that "Plaintiffs have not argued that the Rule is unconstitutional." Keenan Decl. Ex. C at 1. Before addressing the preemption arguments, the City then briefly summarized in one page several controlling federal and state cases indicating that the constitutional rights to carry firearms are not unlimited, but are subject to reasonable regulation. *Id.* at 5-6. Relying on the same authority, the City also argued that the *Chan* plaintiffs had not established a clear legal or equitable right under either constitution that would support injunctive relief. *Id.* at 12. Like the *Chan* plaintiffs, the City spent almost the entirety of its brief addressing the preemption issue that formed the basis for the motion for summary judgment. *See id.* at 6-21.

In reply to the City's opposition brief, the *Chan* plaintiffs made no arguments concerning any federal or state constitutional basis for their claims. *See* Keenan Decl. Ex. D 1-

---

[1] The *Chan p*laintiffs concluded their motion with this contention: "The legislature has unmistakably stated that it fully occupies and preempts the field of firearms regulation." Keenan Decl. Ex. B at 18.

UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

3

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington 98104-7097
(206)839-4300

6. They reasserted their clear legal or equitable rights to injunctive relief, but grounded these rights *entirely* in the preemption statute, RCW 9.41.290. *Id.* at 4-5 & n.8. The *Chan* plaintiffs did not quote any provision of the state or federal constitution. *Id.* at 1-6. The *Chan* plaintiffs did not cite any decision of the United States Supreme Court, any federal appellate court, or any Washington State appellate court construing or applying the constitutional provisions. *Id.* Rather than assert constitutional law as a source of their rights, the *Chan* reply brief consciously avoided any argument—or mention—of constitutional rights or principles. *Id.*

If there was any doubt that the *Chan* plaintiffs had not argued for application of federal constitutional law, it was eliminated at oral argument. When the court asked counsel whether the *Chan* plaintiffs were arguing that they derived any rights from the Second Amendment, counsel responded, "*None*." Keenan Decl. Ex. E 16:3-5 (emphasis added). When the court asked why, *Chan* plaintiffs' counsel responded, "I don't think it's necessary." *Id.* at 16:6-7.

### 3.   The Superior Court's Order Granting the *Chan* Plaintiffs' Motion for Summary Judgment

Notwithstanding the absence of any State or federal constitutional argument by the *Chan* plaintiffs, in granting their request for an injunction, the superior court found that they had clear legal or equitable rights to possess firearms "under federal and state constitutions." Keenan Decl. Ex. F at Rider A.

However, at the hearing the superior court acknowledged that "***the plaintiffs [are] not advancing it to me,*** but there is a recent decision out of the U.S. Supreme Court which is very different from anything the U.S. Supreme Court had said in the past and which, in this court's view, throws into doubt a good deal of prior federal case law." Keenan Decl. Ex. E at 37:16-21 (emphasis added). The court went on to state that "it is not the main focus of the [superior] court's ruling, but I also do not feel comfortable dealing with this case and not addressing it." *Id.* at 37-38 (referring to Second Amendment).

The court also quoted the Washington Constitution art. I, § 24, and observed that "the scope of that right is not crystal clear at this point ***nor was it briefed here***." *Id.* at 38:13-14 (emphasis added). The superior court also quoted the Second Amendment, and then discussed

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

4

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington 98104-7097
(206)839-4300

*Heller*. Keenan Decl. Ex. E at 38-40. The court noted that the Supreme Court found that the Second Amendment right was "an individual right," *id.* at 39:12, but then acknowledged:

> I agree with the City that this decision doesn't expressly apply that right via the Fourteenth Amendment to the state's, [sic] and I will point out that it is not an unlimited right either, according to the express language of the decision.
>
> Justice Scalia says that, among other things, that nothing in his decision casts doubt on long-standing prohibitions of firearms by felons and the mentally ill, laws forbidding the carrying firearms [sic] in sensitive places such as schools and government buildings, for [sic] laws imposing conditions and qualifications on the commercial sales of arms. . . .
>
> So that decision is out there, too, and I am throwing it out there because the court always has to be respectful when I know that I am dealing with a recognized constitutional right which exists both at the state and the federal level.

*Id.* at 39:12-40:8. The court then ended its brief discussion of constitutional law, and focused its remaining analysis on the firearms preemption statute and Washington cases that had applied the statute (none of which are at issue in the *Warden* case here). *See id.* at 40-50. After concluding that the City's Policy is preempted by RCW 9.41.290, the superior court next made the following finding in granting a permanent injunction in favor of plaintiffs:

> First, there has to be a clear, legal, or equitable right. I think I have said enough so far to say that it seems obvious to me that the plaintiffs have clear legal rights under Washington state law and under, ***in all likelihood,*** both state and federal constitutional provisions.

*Id.* at 50:7-12. The superior court provided no further explanation or authority for how the court bridged the apparent gap between its discussion of the limited individual rights enunciated in *Heller*, and its finding, "in all likelihood," of a right under "state and federal constitutional provisions." *Id.*

### B. The Holding in *Sieyes*

On February 18, 2010, the Washington Supreme Court issued its opinion *Sieyes*. The appellant in *Sieyes* was a 17-year old convicted under a Washington statute making it unlawful for those under age 18 to carry a pistol. 2010 WL 548385, at *1. In his initial appeal, Mr. Sieyes "mentioned" that the statute at issue was "an absolute prohibition on firearm possession

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

5

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington 98104-7097
(206)839-4300

1  by minors and therefore violated his constitutional right to bear arms." *Id.* (internal quotation marks omitted). The Washington Court of Appeals for Division Two then requested supplemental briefing on the constitutionality of the State statute and the effect of *Heller*. *Id.* The Washington Supreme Court then transferred the appeal to its court to decide the statute's constitutionality and the effect of *Heller*. *Id.*

In the course of its decision, the *Sieyes* court held that the Second Amendment applies to the State of Washington by incorporation through the Due Process Clause of the Fourteenth Amendment. *Sieyes*, 2010 WL 548385, at *7. The court did not expound on the scope of the Second Amendment or State constitutional rights, explaining that those issues had not been adequately briefed. *Id.* at *7-8. Instead, the court declined to analyze the criminal statute at issue "under any level of scrutiny," and simply observed that the appellant made "no adequate argument specific to the facts of this case that a 17-year-old's Second Amendment right to keep and bear arms has been violated by this statute." *Id.* at *9.

As with its Second Amendment analysis, the Washington Supreme Court did not discuss the scope of art. I, § 24 of the Washington Constitution, other than to say, "it is enough that the state constitutional right to bear arms is clearly an individual one." *Id.* at *8. Then, as it did as to the Second Amendment argument, the court upheld the criminal regulation, explaining that the appellant "mentions" that the statute violated his right to bear arms under the State Constitution, "but cites no authority and makes no argument for this proposition." *Id.* at *9. The Court declined to analyze the breadth or application of the state constitutional right. *Id.*

### III. AUTHORITY AND ARGUMENT

#### A. Federal Courts Owe No Deference to State Courts on Federal Statutory and Constitutional Issues

A federal court "owes no deference to state-court interpretation of the United States Constitution." *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1181 (10th Cir. 2007); *see also In re Asbestos Litig.*, 829 F.2d 1233, 1237 (3d Cir. 1987) ("The federal district court . . . takes as its authority on federal constitutional issues decisions of the United States Courts of Appeals and the United States Supreme Court, rather than those of the state supreme court."); *Indus.*

UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

6

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington  98104-7097
(206) 839-4300

*Consultants, Inc. v. H. S. Equities, Inc.*, 646 F.2d 746, 749 (2d Cir. 1981) ("The district court was not bound to adopt the Oklahoma court's interpretation of federal constitutional principles, *even as applied to Oklahoma statutes*." (emphasis added)); *Pauk v. Bd. of Trustees of City Univ. of N.Y.*, 654 F.2d 856, 866 n.6 (2d Cir. 1981) ("[A] state court decision cannot preclude a federal court's more authoritative decision on matters of federal law."). The opinions on federal constitutional law expressed in *Sieyes* and *Chan* do not bind this Court, and those questions must be decided in the first instance in this case by a federal court created and empowered to do so under Article IIII of the United States Constitution, applying federal precedent and principles.[2]

Moreover, even if "[s]tate interpretations of the federal constitution and laws are persuasive authority, . . . a district court may consider them on federal questions *only if the question is otherwise open*." *Bittaker v. Enomoto*, 587 F.2d 400, 402 n.1 (9th Cir. 1978). But the question of application of the Second Amendment to state and local governments is not open. As explained in Defendants' prior briefing, current Ninth Circuit law holds that the Second Amendment does *not* apply to state and local governments. *Fresno Rifle & Pistol Club, Inc. v. Van De Kamp*, 965 F.2d 723, 731 (9th Cir. 1992) ("[T]he Second Amendment stays the hand of the National Government only." (internal quotation marks omitted)); *Burns v. Mukasey*, No. CIV S-09-0497, 2009 WL 3756489, at *4 (E.D. Cal. Nov. 6, 2009) ("This case does not present a question of first impression which is pending in a higher court. . . . [T]he current precedent which this court must follow answers the question—the Second Amendment does not apply to the states."). This court should decline to follow the contrary position on federal constitutional law espoused by the Washington Supreme Court in *Sieyes*.

In any event, the King County Superior Court's bare holding that plaintiffs in that case had a right to carry firearms under the "federal . . . constitution[]," (Keenan Decl. Ex. F at Rider A), lacks any explanatory reasoning. Rather than explain how the court reached its result, that holding is directly inconsistent with the express limitations, as set out in *Heller*, that the

---

[2] It is worth noting that two justices dissented in part on the ground the Washington Supreme Court should not have reached the federal constitutional question at all in *Sieyes*, as it was not necessary to decide the issue before the Court. *Sieyes*, 2010 WL 548385, at *9 (Fairhurst, J. and Stephens, J., concurring in part and dissenting in part).

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

7

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington 98104-7097
(206)839-4300

superior court acknowledged in the transcript of the hearing. *Supra* at 5. As such, the superior court's order does not provide any persuasive rationale for this Court to follow on issues of federal constitutional law.

As to the Washington Supreme Court's decision in *Sieyes*, that decision holds that the Second Amendment does apply to the states, but "decline[es] to analyze [the statute] under any level of scrutiny." *Sieyes*, 2010 WL 548385, at *9. The Washington Supreme Court observed that appellant "fails to provide convincing authority supporting an original meaning of the Second Amendment" to support his contention that it infringes children's rights to bear arms, and therefore affirmed the conviction for unlawful possession of a firearm by a minor. *Id.* In this respect, the Washington Supreme Court did not purport to define the scope or breadth of the federal constitutional right as it applies to adults.

### B. Federal Courts are Not Bound by State Trial Court Decisions on Matters of State Law

Turning to the effect of *Chan's* pronouncement under the Washington Constitution, as to issues of state law a federal district court is not bound by a decision of a state trial court. Rather, in applying state law, "[a] federal court's role in such a case is to give state law the construction it believes the *highest* state court would give them."[3] *Associated Gen. Contractors of Cal. v. San Francisco Unified Sch. Dist.*, 616 F.2d 1381, 1384 (9th Cir. 1980) (emphasis added); *see also Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989) ("The Washington *Supreme Court* must be recognized as the ultimate expositor of its own state law." (emphasis added)); *Gaines v. Haughton*, 645 F.2d 761, 770 (9th Cir. 1981) ("[W]hen a federal court is in the position of interpreting state law with no definitive guidance from the state's *highest* court, we accord 'substantial deference' to the district judge's interpretation or construction . . . ." (citation omitted, emphasis added)); *Ins. Co. of N. Am. v. Thompson*, 381 F.2d 677, 681 (9th Cir. 1967) (a district court's analysis of a question of state law "is especially

---

[3] Plaintiff's sole citation in his Motion for Summary Judgment (Dkt. No. 22 at 3), as to deference to state court rulings is *Reynolds v. Borg*, 1994 WL 108035 (9th Cir. 1994), but this is an unpublished opinion and "may not be cited to the courts of this circuit." Circuit Rule 36-3(c). In any event, it involved an *appellate* court's construction of a state statute.

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

8

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington 98104-7097
(206) 839-4300

significant where there has been . . . no *clear exposition* of the controlling principle by the *highest* court of the particular state" (emphasis added)).

The ruling of the trial court in *Chan* with respect to the Washington Constitution does not represent an interpretation of State law from the *highest* court in Washington. Additionally, it cannot be considered persuasive authority because nothing in the transcript of proceedings or Order explains in any way the superior court's reasoning. The court simply acknowledges the existence of art. I, § 24, but cites no Washington case law on its scope or limitations, and provides no textual or other analysis of its own to elucidate how and why the provision should be applied under the circumstances in *Chan*. Finally, the superior court acknowledges that the court is addressing constitutional issues that have not been briefed by the parties or presented for decision. Keenan Decl. Ex. E at 37-38.[4] For all of these reasons, the Order in *Chan* provides neither precedent nor guidance for the Court in this matter.

### C. *Sieyes* Did Not Define the Right Set Forth in Art. I, § 24 of the Washington Constitution, but Reaffirmed That the Right Is Subject to Regulation.

In *Sieyes*, the Washington Supreme Court also discussed the issue of whether the right to bear firearms under the Washington Constitution is broader than the federal constitutional right. *Sieyes*, 2010 WL 548385, at *7-8. The court recognized that the state constitutional right to bear firearms is "an individual one," but declined to resolve the question whether the State Constitution provides greater protection than federal law, because "neither party has adequately briefed [the relevant] factors." *Id.* at *8. The court also rejected the appellant's argument that the criminal regulation violated the Washington Constitution because appellant "cites no authority and makes no argument for this proposition." *Id.* at *9. In affirming the conviction for unlawful possession, it reinforced the principle in this case that rights to carry firearms are not unlimited, and are subject to regulation. Thus, except to reaffirm the existence of *some* individual right to bear firearms, the Washington Supreme Court left undisturbed the body of

---

[4] Additionally, the superior court framed its conclusion as a vague and admittedly uncertain alternative to the preemption holding by concluding that "the plaintiffs have clear legal rights under Washington state law *and under, **in all likelihood**, both state and federal constitutional provisions.*" Keenan Decl. Ex. E at 50:9-12.

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

9

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington 98104-7097
(206)839-4300

1 law that Defendants have cited recognizing that the right conferred under the Washington
2 Constitution is not unlimited and is subject to regulation.

### IV. CONCLUSION

For the foregoing reasons, the Court should not follow the holdings of *Chan* or *Sieyes* in addressing matters of federal law. As to claims under the Washington Constitution, this Court should either apply well-established precedent which remains intact to dismiss these claims, or alternatively, dismiss all federal claims with prejudice for the reasons previously argued, and then decline pendent jurisdiction of Plaintiff's state law claims.

Dated: February 26, 2010    ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    s/Daniel J. Dunne
Daniel J. Dunne (WSBA No. 16999)
ddunne@orrick.com
George E. Greer (WSBA No. 11050)
ggreeer@orrick.com
David Keenan (WSBA No. 41359)
dkeenan@orrick.com

701 Fifth Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone: (206)839-4300
Facsimile: (206)839-4301

SEATTLE CITY ATTORNEY

Gary Keese (WSBA No. 19265)
gary.keese@seattle.gov

600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
Telephone: (206)684-8200
Facsimile: (206)684-8284

*Attorneys for Defendants*

UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

10

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington 98104-7097
(206)839-4300

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2010, I electronically filed the following document with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record:

DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF CONCERNING *CHAN v. CITY OF SEATTLE* AND *STATE v. SIEYES*

DATED this 26th day of February, 2010.

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By     s/Daniel J. Dunne
       Daniel J. Dunne (WSBA #16999)

       701 Fifth Avenue, Suite 5600
       Seattle, WA  98104
       Phone: (206) 839-4300
       Fax:   (206) 839-4301
       Email: ddunne@orrick.com

UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
CASE NO. 2:09-CV-01686-MJP

11

Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue Suite 5600
Seattle, Washington  98104-7097
(206)839-4300