UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT C. WARDEN, <br>     Plaintiff, <br><br> vs. <br><br> GREGORY J. NICKELS and <br> CITY OF SEATTLE, <br>     Defendants. | No: 2:09-cv-01686-MJP <br><br> PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF CONCERNING CHAN v. CITY OF SEATTLE AND STATE v. SIEYES |

## INTRODUCTION

Plaintiff hereby responds to Defendants' February 26, 2010 Supplemental Brief Concerning Chan v. City of Seattle and State v. Sieyes (Dkt. No. 24). Plaintiff hereby reiterates and incorporates into this Response all arguments made in all previously filed pleading.

On February 12, 2010, King County Superior Court Judge Catherine Shaffer ruled in Chan v. Seattle that the same Seattle Parks Department gun ban rule at issue in the above-captioned

Plaintiff's Response to Defendants'                    Robert C. Warden <br>
Supplemental Brief Concerning Chan and Sieyes        10224 SE 225th PL <br>
                                                                           Kent WA 98031 <br>
Page 1 of 7                                                                                      (206) 601-9541

action violated Washington State statutory law, and declared the rule null and void (See Dkt. No. 25-3, pages 43-65).

In granting complete summary judgment to the individual Chan plaintiffs, Judge Shaffer also granted full injuctive relief, found that the individual Chan plaintiffs who were turned away from Parks property only because they carried firearms had suffered substantial injury, and found that the individual plaintiffs had "a clear legal or equitable right to carry firearms under federal and state constitutions."  (See Dkt. No. 25-3, pages 63-65)

On February 18, 2010, in State v. Sieyes, the Washington Supreme Court ruled that both the Washington and federal constitutions protected the individual right of Washington state citizens to carry arms.  Six of the nine justices signed the majority opinion (See attached Exhibit A).  A seventh justice authored a separate opinion concurring in the outcome, but arguing that strict scrutiny should be the standard applied when reviewing a curtailment of the right to bear arms (See attached Exhibit B).

## DISCUSSION

### CHAN

The Chan ruling effectively destroyed the foundation of

Plaintiff's Response to Defendants'  
Supplemental Brief Concerning Chan and Sieyes  
Page 2 of 7

Robert C. Warden  
10224 SE 225th PL  
Kent WA 98031  
(206) 601-9541

Defendants' theories in the above-captioned action.  Defendants have repeatedly insisted that the gun ban rule was reasonable and legal.  That position was clearly and completely rejected in Chan.  Defendants have repeatedly claimed that Plaintiff lacks standing and has not suffered harm in this case.  That position was clearly and completely rejected in Chan, whose individual plaintiffs suffered the exact same harm as Plaintiff in this case.

Chan struck down Defendants' gun ban rule as being clearly illegal in light of Washington's state preemption statute.  It can no longer be coherently argued that the rule was reasonable.

The Chan judge went out of her way to articulate and support her opinion that the illegal rule also violated both state and federal constitutions, as argued by Plaintiff in this action.

### SIEYES

In Sieyes, the Washington Supreme Court made a specific finding, backed by exhaustive explanation, that the second amendment applies to the states.  In discussing the state constitutional right to bear arms, the Sieyes court made it clear that the individual right protected by the state

Plaintiff's Response to Defendants'  
Supplemental Brief Concerning Chan and Sieyes  
Page 3 of 7

Robert C. Warden  
10224 SE 225th PL  
Kent WA 98031  
(206) 601-9541

constitutional provision is at least as comprehensive as the right protected by the second amendment, but declined to rule on the distinct possibility that the state protection was greater than the federal. Significantly, in footnote 20 (mislabeled as "2") at the bottom of page 22 of the Sieyes majority (Exhibit A), the court made it crystal clear that their historic reference to "reasonable regulation" of firearms does not in any way imply a specific level of scrutiny.

## IMPACT ON THE CASE AT BAR

Plaintiff's second amendment rights have been violated. Though not binding precedent on this Court, both Chan and Sieyes read and applied the Heller ruling in the exact same way as Plaintiff argues in this case. That is, given the language in Heller, it is virtually inconceivable that the second amendment will be found to apply only against federal authorities. The writing is on the wall despite Defendants' stubborn continued efforts to avert their collective gaze; this term in McDonald, the U.S. Supreme Court will apply the second amendment against the states. Defendant has never articulated any plausible basis upon which the SCOTUS could or would rely to deny a specifically and separately enumerated fundamental right to to the American people. In any event, we will all know the outcome of McDonald

Plaintiff's Response to Defendants'  
Supplemental Brief Concerning Chan and Sieyes  

Page 4 of 7

Robert C. Warden  
10224 SE 225th PL  
Kent WA 98031  
(206) 601-9541

within a matter of weeks, as it is scheduled for oral argument on March 2.

Defendants' illegal and already-vacated rule violated Plaintiff's state constitutional right to bear arms. The Chan judge stated this directly. She must have felt pretty strongly about it because she stated it gratuitously; no constitutional issue was technically before her. The Sieyes court made it clear that the individual right secured by the state constitution was at least as broad as that secured by the second amendment. Defendants' oft-repeated argument that "reasonable regulation" of firearms is allowed under the state constitution was rendered meaningless by footnote 20 of the six-justice Sieyes majority opinion. A seventh justice wrote and filed a separate opinion in order to argue that the standard of review of firearms regulation should be strict scrutiny.

As noted in Defendants' brief, a federal court's role is to give state law the construction it believes the highest state court would give it. In light of the high court's ruling in Sieyes, it should be clear that the Washington Supreme Court would find Defendants' unreasonable, irrational, and already-determined-to-be illegal gun ban rule to violate the state constitution.

Plaintiff's Response to Defendants'  
Supplemental Brief Concerning Chan and Sieyes  
Page 5 of 7

Robert C. Warden  
10224 SE 225th PL  
Kent WA 98031  
(206) 601-9541

## CONCLUSION

Defendants' gun ban rule cannot survive any level of scrutiny. The rule was an illegal and irrational solution to an incoherently articulated imaginary problem. Sieyes and Chan, separately and in conjunction, strengthen Plaintiff's claims on both the federal and state constitutional fronts.

Plaintiff has noted a motion for summary judgment in this action for March 12. As that motion is the flip side of the coin to the current motion to dismiss, the Court may find it useful to deal with all motions in one ruling. In addition, for the sake of judicial efficiency, Plaintiff respectfully asks the court to await this term's impending definitive U.S. Supreme Court ruling in McDonald, and then apply that ruling to this action.

DATED this 28th day of February, 2010.

Respectfully submitted,

s/ Robert C. Warden
Robert C. Warden, WSBA No. 21189
10224 SE 225th PL
Kent WA 98031
(206) 601-9541

Plaintiff's Response to Defendants'
Supplemental Brief Concerning Chan and Sieyes

Page 6 of 7

Robert C. Warden
10224 SE 225th PL
Kent WA 98031
(206) 601-9541

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2010, I electronically filed the following document with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record:

PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF CONCERNING CHAN AND SIEYES

DATED this 28th day of February, 2010.

        s/ Robert C. Warden
        Robert C. Warden, WSBA No. 21189
        10224 SE 225th PL
        Kent WA 98031
        (206) 601-9541

Plaintiff's Response to Defendants' Supplemental Brief Concerning Chan and Sieyes

Page 7 of 7

Robert C. Warden
10224 SE 225th PL
Kent WA 98031
(206) 601-9541