1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT C. WARDEN,

                              Plaintiff,

              v.

GREGORY J. NICKELS and CITY OF
SEATTLE,

                              Defendants.

Case No. C09-1686 MJP

**ORDER GRANTING MOTION TO
DISMISS**

        This matter comes before the Court on Defendants' motion to dismiss Plaintiff's

amended complaint. (Dkt. No. 10.)  The Court has reviewed the motion, the response (Dkt. No.

13), the reply (Dkt. Nos. 18), and all papers submitted in support thereof.[1]  The Court has also

considered Defendants' unopposed motion for leave to file supplemental briefing (Dkt. No. 24),

Plaintiff's response (Dkt. No. 26), and all papers submitted in support thereof.  Having heard oral

argument on March 2, 2010, at which time Plaintiff withdrew his motion for a preliminary

injunction (Dkt. No. 8), the Court GRANTS Defendants' motion to dismiss and motion to file

supplemental briefing, and DISMISSES Plaintiff's amended complaint.

_____

[1] The Court does not rely on the deposition transcripts submitted by Defendants.  The Court relies only on matters
within the pleadings and does not convert the motion to dismiss into a motion for summary judgment.  Because
Plaintiff incorporated the arguments made in support of his motion for preliminary injunction into his response to
Defendants' motion to dismiss, the Court has considered Dkt Nos. 8 and 20.

ORDER GRANTING MOTION TO DISMISS - 1

1

**Background**

2          Plaintiff Robert Warden sues the City of Seattle and Mayor Greg Nickels, challenging the

3   constitutionality of a rule created by the Seattle Parks Department that makes it illegal to carry

4   concealed firearms or display firearms at certain parks facilities where "children and youth are

5   likely to be present and . . . appropriate signage has been posted to communicate to the public

6   that firearms are not permitted at the facility."  Department of Parks and Recreation Rule/Policy

7   No. P 060-8.14(4.0) (Oct. 14, 2009) (hereinafter "Park Rule") (Amended Complaint ("Compl.")

8   Ex. C.)  The Park Rule was created after Defendant Mayor Greg Nickels issued an executive

9   order on June 6, 2008 directing city departments to create rules and policies to "prohibit the

10  possession of dangerous weapons, including firearms, on City Property."  Executive Order 07-08

11  (Compl. Ex. A., Dkt. No. 4-2 at 2-3.)[2]  The penalty for violating the Park Rule is ejectment.

12  There are no criminal or other related penalties.

13         Plaintiff alleges he entered the Seattle Southwest Community Center on November 14,

14  2009, a Saturday when the "facility was bustling with weekend activity."  (Compl. ¶¶ 18-20.)

15  Plaintiff alleges he possesses a concealed pistol license and he carried his pistol under his jacket

16  onto the park property.  (Id. ¶ 18.)  Plaintiff had forewarned Defendants he would enter the park

17  carrying his concealed weapon.  (Id.)  A parks security official was present on November 14,

18  2009 when Plaintiff entered the Seattle Southwest Community Center.  (Id. ¶ 19.)  The official

19  asked Plaintiff to leave the park after determining that Plaintiff was carrying a weapon and

20  verifying that he was the man who had previously contacted the City.  (Id.)

21         Plaintiff pursues three causes of action against both Defendants: the Park Rule violates

22  (1) the Second Amendment, (2) Equal Protection under the Fourteenth Amendment, and (3) the

23  Washington State Constitution.  In a related case in King County Superior Court, the court

24  entered a permanent injunction on the basis of state law preemption barring the City from

25  _____

26         [2] Plaintiff incorporates the Executive Order and Park Rule into his amended complaint as Exhibits A and C, respectively.

ORDER GRANTING MOTION TO DISMISS - 2

1    enforcing the Park Rule and declaring the Rule null and void.  (Dkt. No. 22-3.)  Against both

2    Defendants, Plaintiff seeks declaratory and injunctive relief, nominal damages in the amount of

3    one dollar, and attorney's fees and costs.  (Compl. ¶¶ 30-33.)  Against Defendant Nickels,

4    Plaintiff also seeks punitive damages.  (Id. ¶ 34.)

5                                                                **Analysis**

6    A.      Standard

7                On a Rule 12(b)(6) motion to dismiss, the Court must assess the legal feasibility of the

8    complaint.  The Court accepts Plaintiff's factual allegations as true and draws all reasonable

9    inferences in Plaintiff's favor.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-

10   23 (2007).  To survive a motion to dismiss, the complaint "does not need detailed factual

11   allegations," but it must contain "enough [factual allegations] to raise a right to relief above the

12   speculative level" and to state a claim to relief that is plausible on its face.  Bell Atl. Corp. v.

13   Twombly, 550 U.S. 544, 555 (2007).

14   B.      Mootness

15              "Mootness is a threshold jurisdictional issue."  S. Pac. Transp. Co. v. Pub. Util. Comm'n

16   of State of Oregon, 9 F.3d 807, 810 (9th Cir. 1993).  A case becomes moot when "the issues

17   presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

18   Powell v. McCormack, 395 U.S. 486, 496 (1969) (citation omitted).  "Where one of the several

19   issues presented becomes moot, the remaining live issues supply the constitutional requirements

20   of a case or controversy" regardless of whether the remaining claims are "secondary."  Id. at

21   496-97, 499.

22              The Court sua sponte considers this issue in light of the recent King County Superior

23   Court ruling that declared the Park Rule null and void and enjoined the City of Seattle from

24   enforcing it.  The King County Superior Court's ruling on the basis of state law preemption

25   binds the Court only insofar as it nullified and enjoined enforcement of the Park Rule, making

26   Plaintiff's claim for injunctive relief MOOT.  Recognizing this, Plaintiff clarified at oral

ORDER GRANTING MOTION TO DISMISS - 3

argument that he no longer seeks preliminary injunctive relief. The Superior Court's apparent ruling as to the propriety of the Park Rule under the Washington State Constitution is of extremely limited utility because that issue was not pleaded, briefed, or argued to the court. (See Dkt. Nos. 22-4, 25-2 at 2-13, 25-3 at 10-60.) The court was presented only with the issue of state law preemption, and here Plaintiff expressly removed his preemption claim from his complaint. (Compare Dkt. No. 1. with Dkt. No. 4.) Moreover, only the state supreme court may bind this Court on distinct issues of state law. Assoc. Gen. Contractors of Cal. v. San Francisco Unified Sch. Dist., 616 F.2d 1381, 1384 (9th Cir. 1980). Similarly, the Superior Court's ruling as to the Park Rule's constitutionality under federal law in no way binds this Court. See TMJ Implants, Inc. v. Aetna, Inc., 498 F.3d 1175, 1181 (10th Cir. 2007). Thus a controversy over Plaintiff's purported past injuries remains live and justiciable before this Court. See Powell, 395 U.S. at 496-97.

C.     Second Amendment as to municipalities

        Defendants contend that the current law in the Ninth Circuit precludes Plaintiff's Second Amendment claim. Defendants are correct. The Second Amendment does not apply to cities and states.

        Current Ninth Circuit law holds that "the Second Amendment constrains only the actions of Congress, not the states." Fresno Rifle and Pistol Club, Inc. v. Van de Kamp, 965 F.2d 723, 729 (9th Cir. 1992). A three-judge panel in the Ninth Circuit recently overruled Fresno Rifle, holding that the Second Amendment is incorporated into the 14th Amendment and that it is therefore applicable against municipalities. Nordyke v. King, 563 F.3d 439 (9th Cir. 2009), vacated pending reh'g en banc, 575 F.3d 890 (9th Cir. 2009). However, the Ninth Circuit granted rehearing en banc and vacated the three-judge decision in Nordyke. 575 F.3d 890. Thus, the state of the law remains that the Second Amendment applies only to the federal government. The Supreme Court has not stated differently. See District of Columbia v. Heller,

ORDER GRANTING MOTION TO DISMISS - 4

1    --- U.S. ---, 128 S. Ct. 2783 (2008) (applying the Second Amendment to the District Columbia

2    without considering incorporation under the Fourteenth Amendment).

3            Plaintiff's Second Amendment claim fails for the simple reason that the Second

4    Amendment does not constrain the acts of municipalities, such as Seattle.  Fresno Rifle, 965 F.2d

5    at 729.  That the Supreme Court has granted certiorari in a case that will likely decide the issue

6    of Second Amendment's incorporation into the Fourteenth Amendment does not change the

7    outcome.  See McDonald v. Chicago, --- U.S. ---, 130 S. Ct. 48 (Sept. 30, 2009) (granting cert.).

8    As Defendants point out, Plaintiff chose to file his case now, rather than wait for a change in the

9    law.  Plaintiff contends that the law is not settled because the Nordyke panel held that the Second

10   Amendment is incorporated into the Fourteenth Amendment.  That fact is irrelevant.  The

11   Nordyke panel's decision has been vacated and, as the Ninth Circuit clarified, "[t]he three-judge

12   panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit."  Nordyke,

13   575 F.3d 890.  Nordyke has no binding effect.

14           Defendants' motion to dismiss Plaintiff's Second Amendment claim is GRANTED and

15   the claim is DISMISSED.

16   D.      Equal Protection

17           Defendants move to dismiss Plaintiff's claim that the Park Rule violates Equal Protection

18   as guaranteed by Fourteenth Amendment.  Plaintiff's claim is without merit.

19           "The first step in equal protection analysis is to identify the [defendants'] classification of

20   groups."  Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995) (quotation omitted).

21   "To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or

22   imposes different burdens on different classes of people."  Id.  If plaintiff satisfies this burden,

23   then the court considers what level of review to apply to the conduct.

24           An equal protection claim merits strict scrutiny when the party alleges interference with a

25   fundamental right or discrimination against a suspect class.  Kadrmas v. Dickinson Pub. Schs.,

26   487 U.S. 450, 457-58 (1988).  A suspect class exists when a classification rests on "inherently

ORDER GRANTING MOTION TO DISMISS - 5

1   suspect distinctions, such as race, religion or alienage." City of New Orleans v. Dukes, 427 U.S.

2   297, 303 (1976).  A fundamental right is generally one enshrined in the Constitution and

3   interpreted by the Supreme Court.  See Planned Parenthood v. Casey, 505 U.S. 833, 847-48

4   (1992).  If strict scrutiny is applied, the policy will be struck down unless the classification

5   drawn by the policy is "suitably tailored to serve a compelling state interest."  See City of

6   Cleburne v. Cleburne Living Center, 473 U.S. 432, 440 (1985).  If not subject to strict scrutiny,

7   the challenged classification is presumed to be constitutional and will be upheld so long as the

8   act is rationally related to a legitimate governmental purpose.  Id.

9          Plaintiff has alleged that he is classified for a potentially discriminatory purpose.  In his

10  complaint, Plaintiff alleges that he was excluded from the park because he had a concealed

11  pistol, while others without weapons were allowed to enjoy the park.  (Compl. ¶ 21.)  Plaintiff

12  has satisfied the threshold element in his Equal Protection claim.

13         Plaintiff is not entitled to strict scrutiny.  He has not alleged that he is a member of a

14  suspect class—he is not allegedly classified based on an immutable trait, such as alienage, race,

15  or national origin.  Plaintiff cites no case law showing that he has a fundamental right to possess

16  a pistol at a city park.  Nothing in Heller suggests that Plaintiff has such a right.  (See Dkt. No.

17  13 (admitting that Heller's "ruling was limited to the home only").)  Plaintiff is entitled to

18  rational basis review only.

19         The Park Rule passes rational basis scrutiny.  "Under rational basis analysis, a

20  classification must be upheld against equal protection challenge if there is any reasonably

21  conceivable state of facts that could provide a rational basis for the classification."  Isbell v. City

22  of San Diego, 258 F.3d 1108, 1116 (9th Cir. 2001) (quotation omitted).  Plaintiff claims only that

23  the policy is incoherent and arbitrary.  Yet, the Park Rule was created to ensure safe areas for

24  children and youth to recreate without the threat of violence caused by or related to firearm

25  possession on park grounds.  (Compl. Ex. C at ¶¶ 1.2-1.12.)  The Park Rule cites the large

26  number of children who recreate at designated parks, and the risk of children finding unattended

ORDER GRANTING MOTION TO DISMISS - 6

1    firearms and hurting themselves or others, fights escalating through gun violence, and accidental

2    discharges of firearms.  (Id.)  The Park Rule's aim to ensure the safety of children and youth

3    satisfies a core value of public safety that is consistently held to be a legitimate state interest.

4    See Center for Bio-Ethical Reform, Inc. v. City and County of Honolulu, 455 F.3d 910, 922 (9th

5    Cir. 2006) (considering governmental interests in the context of the First Amendment).

6    Additionally, Defendants narrowly tailored the Park Rule to include only those public parks and

7    community centers where children and youth predominantly recreate.  The Park Rule is simply a

8    regulation on access, with a secondary impact on firearm possession.  The Park Rule does not

9    apply to every park; it leaves open parks to those who might wish to carry weapons if children

10   and youth are not likely to be present or where signage barring gun possession has not been

11   posted.  (Compl. Ex. C. ¶ 4.0.)  The Court finds that Park Rule more than exceeds the

12   requirements to pass rational basis review.  The Court DISMISSES Plaintiff's claim and

13   GRANTS Defendants' motion.

14   E.      Qualified Immunity

15          Defendants move to dismiss Plaintiff's Second Amendment and Equal Protection claims

16   against Mayor Nickels on the basis of qualified immunity.  Plaintiff's claims are barred by

17   qualified immunity.

18          "The doctrine of qualified immunity protects government officials 'from liability for civil

19   damages insofar as their conduct does not violate clearly established statutory or constitutional

20   rights of which a reasonable person would have known.'"  Pearson v. Callahan, --- U.S. ---, 129

21   S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  "The

22   protection of qualified immunity applies regardless of whether the government official's error is

23   a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."  Id.

24   (quotation omitted).  To determine whether qualified immunity applies, the Court has discretion

25   in applying one or both steps of a two-step inquiry set out in Saucier v. Katz, 533 U.S 194, 201

26   (2001).  Pearson, 129 S. Ct. at 818.  The Court first determines whether the plaintiff has alleged a

ORDER GRANTING MOTION TO DISMISS - 7

1   violation of a constitutional right. <u>Id.</u> at 815-16. If so, then the Court may decide whether the

2   right at issue was "clearly established" at the time of the alleged misconduct. <u>Id.</u>

3        Plaintiff's Second Amendment and Equal Protection claims fail at the first step: there is

4   no constitutional violation. There is no authority that applies the Second Amendment to the

5   states, and there was no such constitutional right at the time the Park Rule was promulgated. <u>See</u>

6   <u>Fresno</u>, 965 F.2d at 730. There is also no violation of Equal Protection because the Park Rule

7   easily satisfies rational basis review.

8        Plaintiff's claims also fail at the second step. At this moment in time, there is no law

9   holding that the Second Amendment applies to states or cities. The issue is only now before the

10  Supreme Court. There is also no clearly established law that would cause the Park Rule to

11  violate Equal Protection by not passing rational basis review. Defendant Nickels is entitled to

12  qualified immunity.

13       Plaintiff argues that Mayor Nickels violated his constitutional rights because the Mayor

14  knew the State preempted the City's power to regulate guns. (Dkt. No. 13 at 6.) Whether Mayor

15  Nickels may regulate firearms under state law has nothing to do with whether the Park Rule

16  violates any right under either the Second Amendment or Equal Protection. That issue is solely

17  one of state law that is not before the Court; Plaintiff expressly removed his preemption claim

18  from his complaint. (<u>Compare</u> Dkt. No. 1. <u>with</u> Dkt. No. 4.)

19       The Court GRANTS Defendants' motion on this issue, and finds that Defendant Nickels

20  is immune from suit as to Plaintiff's Second Amendment and Equal Protection claims.

21  F.    <u>State Constitution</u>

22       Plaintiff alleges that the Park Rule violates Article I, § 24 of the Washington State

23  Constitution. Defendants correctly argue that the Park Rule is a reasonable and permissible

24  regulation under the State Constitution.

25       The Washington State Supreme Court recently relied on <u>Heller</u> as guidance as to assess

26  the scope of the rights reserved to individuals in Article I, § 24 of the Washington State

ORDER GRANTING MOTION TO DISMISS - 8

1    Constitution.  See State v. Sieyes, --- Wn.2d ---, 2010 WL 548385, at *8-9 (Feb. 18, 2010).  The

2    court in Sieyes chose to "follow Heller" and declined to analyze the firearm regulation "under

3    any level of scrutiny."  Id. at *9.  "Instead we look to the Second Amendment's original

4    meaning, the traditional understanding of the right. . . ."  Id.  However, because the parties in

5    Sieyes failed to brief the issue, the court did not engage in a historical inquiry and concluded that

6    the appellant had offered no basis to invalidate the law.  Just as in Sieyes, Plaintiff fails to

7    provide any argument or evidence as to the original meaning of Article I, § 24 or the Second

8    Amendment.  See id. (affirming the criminalization of gun possession by persons under the age

9    of 18).  While Plaintiff's failure to brief the historical issue could be grounds for dismissal, the

10   Court assesses the Park Rule in light of Heller's other instructions and binding Washington

11   authority that Sieyes left untouched.  As explained below, under both Heller and Washington

12   law, the Park Rule is constitutional.

13       Heller provides limited guidance as to how to evaluate the constitutionality of gun

14   regulations under the Second Amendment.  A footnote suggests that rational basis review is not a

15   proper standard of review.  Heller, 128 S. Ct. at 2817 n.27.  But the footnote assumes that the

16   challenged law would "overcome the right to keep and bear arms," not just limit the possession

17   in particular places or at particular times.  Id.  To this end, the Court explains that "the right

18   secured by the Second Amendment is not unlimited."  Id. at 2816.  As a non-exhaustive list, the

19   Court states that laws may fully prohibit "the carrying of firearms in sensitive places such as

20   schools and government buildings, or . . . impos[e] conditions and qualifications on the

21   commercial sale of arms."  Id. at 2816-17.  By adopting Heller, the court in Sieyes implicitly

22   recognized that this limitation on the Second Amendment and Article I, § 24 of the Washington

23   State Constitution.  See Sieyes, 2010 WL 548385, at *11 (Johnson, J., concurring and dissenting

24   in part) (recognizing the "sensitive place" limitation on the Second Amendment).

25       The Park Rule is a permissible restriction on the possession of firearms in a "sensitive"

26   place.  As with a government building or school, a city-owned park where children and youth

ORDER GRANTING MOTION TO DISMISS - 9

1    recreate is a "sensitive" place where it is permissible to ban possession of firearms.  See Heller,

2    128 S. Ct. at 2816-17.  In this regard, the Court sees no logical distinction between a school on

3    the one hand and a community center where educational and recreational programming for

4    children is also provided on the other.  Just as the Federal Courts do not want civilians entering

5    into courthouses with weapons, the City does not want those with firearms entering certain parks

6    where children and youth are likely present.  The Park Rule is thus a perfectly acceptable

7    prohibition on gun possession in a sensitive place and it passes state constitutional scrutiny.

8    Unlike in Heller, Plaintiff is not prohibited from possessing a gun in his home, which is a

9    location "where the need for defense of self, family, and property is most acute."  128 S. Ct. at

10   2817.  The need for self-defense is not "most acute" at city parks and community centers where

11   children and youth recreate.  Indeed, Plaintiff may even bring firearms into those parks that are

12   not designated by the Park Rule.

13          Plaintiff argues that Heller "set a floor, not a ceiling"—that the right to bear arms is not

14   limited to the home.  (Dkt. No. 13 at 4.)  He argues that the Supreme Court's discussion in Heller

15   on the prohibition on gun possession in "sensitive places" is simply dicta.  Yet Justice Scalia

16   states explicitly that "nothing in our opinion should be taken to cast doubt on longstanding

17   prohibitions on the possession of firearms . . . in sensitive places."  Heller, 128 S. Ct. at 2816-17.

18   This admonition cannot be ignored as mere dicta—it explains the scope of the holding.  Plaintiff

19   fails to make a persuasive argument that a city park where children recreate is not a sensitive

20   place.  The Park Rule passes constitutional scrutiny because it is a valid prohibition on gun use in

21   a sensitive place.  On this basis the Court GRANTS Defendants' motion and DISMISSES

22   Plaintiff's claim.

23          As an alternative basis for review, the Court considers Plaintiff's challenge under existing

24   Washington precedent.  The court in Sieyes left undisturbed existing Washington precedent that

25   "the right to bear arms in art. I, § 24 is not absolute, but instead is subject to 'reasonable

26   regulation' by the State under its police power."  City of Seattle v. Montana, 129 Wn.2d 583, 593

ORDER GRANTING MOTION TO DISMISS - 10

1   (1996).  In a footnote, the court in <u>Sieyes</u> cites <u>Montana</u> and states that "we have never settled on

2   levels-of-scrutiny analysis for firearms regulations."  <u>Sieyes</u>, 2010 WL 548385, at *9 n.20.  In

3   the same footnote, the Court explains that its "decision not to employ levels-of-scrutiny analysis

4   is consistent with our precedents."  <u>Id.</u>  Thus, the <u>Sieyes</u> court seems to recognize that the Park

5   Rule can be reviewed under the standard set forth in <u>Montana</u>, which is not necessarily a "level-

6   of-scrutiny" test: "to pass constitutional muster, an arms regulation must be a 'reasonable

7   limitation,' one that is reasonably necessary to protect public safety or welfare, and substantially

8   related to legitimate ends sought."  <u>Montana</u>, 129 Wn.2d at 594 (quotation omitted).

9          The Park Rule easily passes the test set forth in <u>Montana</u>.  The Park Rule's findings cite

10  the fact that in 2008 over 108,000 children and youth visited city-owned wading pools and over

11  59,000 youth events were scheduled at sports fields.  (Compl. Ex. C. ¶ 1.2.)  The findings also

12  cite the City's "strong interest in promoting . . . safe and secure places to visit," and the fact that

13  families' "safe and secure use" of parks is "disturbed by the threat of intentional or accidental

14  discharges of firearms in the vicinity of children" whether from the escalation of a dispute,

15  unsafe storage of a gun, or the intentional intimidation of others.  (Compl. Ex. C. ¶¶ 1.6.)  The

16  Park Rule also uses as an example the threat of an unattended firearm[3] left in a bag or purse

17  while its owner engages in a recreational activity that may end up in a child's hand due to his or

18  her natural curiosity to touch and handle the forbidden.  (<u>Id.</u> ¶ 1.8.)  This creates a distinct and

19  palpable threat of accidental injury or death.  To address these risks to public safety, the Park

20  Rule provides only for ejectment and not for any other penalties.  (<u>Id.</u> ¶¶ 6.1-6.2.)  The Park Rule

21  permits Plaintiff and others to bear arms at other city parks where children and youth are not

22  likely to be present or where signage has not been posted.  (<u>Id.</u> ¶ 4.0.)  The Park Rule qualifies

23  easily under the test set forth in <u>Montana</u>; it is a reasonable and narrow limitation that is

24  substantially and directly related to protecting public safety and welfare at parks where youth and

25

26  _____
    [3] The Court notes, too, that a person with a concealed pistol license does not have to possess any training or
    knowledge of gun safety to obtain a license.  RCW 9.41.070.

ORDER GRANTING MOTION TO DISMISS - 11

1  children seek safe recreation.  See also Second Amendment Found. v. City of Renton, 35 Wn.

2  App. 583, 587 (1983) (finding constitutional a municipal ordinance banning the possession of a

3  rifle, shotgun or pistol at any location where alcoholic drinks are dispensed).  This is an

4  alternative basis on which the Court GRANTS Defendants' motion and DISMISSES Plaintiff's

5  claim.

6                                              **Conclusion**

7          The Court GRANTS Defendants' motion to dismiss in full.  Plaintiff's Second

8  Amendment claim fails for the simple reason that the Second Amendment does not apply to the

9  City of Seattle under current Ninth Circuit law.  Plaintiff's Equal Protection claim is without

10  merit because the Park Rule passes rational basis scrutiny.  Defendant Nickels is entitled to

11  qualified immunity as to Plaintiff's federal law claims.  Plaintiff's state constitutional claim is

12  flawed because Plaintiff has not demonstrated why the regulation is not permissible under the

13  prevailing state law.  The Court DISMISSES Plaintiff's complaint with prejudice; any

14  amendment to the complaint would be futile.  As requested by Plaintiff, his motion for

15  preliminary injunction is withdrawn as MOOT.  The Court also GRANTS Defendants'

16  unopposed motion for leave to file supplemental briefing.

17          The Clerk shall transmit a copy of this Order to all counsel of record.

18          Dated this 11th day of March, 2010.

19

20

21          Marsha J. Pechman
            United States District Judge

22

23

24

25

26

ORDER GRANTING MOTION TO DISMISS - 12